# Birmingham Railway, Light & Power Co. v. Mullen.

*Action against Street Railroad Company to recover Damages for Assault and Battery on Passenger.*

1. *Action against street railroad company for assault and battery by conductor on passenger; admissibility of evidence as part of the res gestae.*—In an action against a street railroad company to recover damages for an assault and battery upon the plaintiff while a passenger, alleged to have been committed by the defendant's conductor, where a witness testified that the assault grew out of a dispute caused by the conductor accusing a passenger who got on the car with the plaintiff, of pulling the bell cord, and that after such passenger denied having pulled the bell cord the defendant called him a d—n liar and threatened to put him off, whereupon the plaintiff took part in the dispute and the conductor, by reason of a statement of the plaintiff, assaulted and struck him, it is competent for the plaintiff's counsel to ask said witness "how many times, if at all, did the conductor curse in talking to" the passenger whom

[Birmingham Railway, Light & Power Co. v. Mullen.]

he accused of ringing the bell; such evidence being a part of the *res gestae* of the assault.

2. *Same; admissibility of evidence.*—In an action to recover damages against a street railroad company for an assault and battery committed upon the plaintiff as a passenger by the conductor of the defendant's car, where the defense interposed is that the conductor was trying to put the plaintiff off the car, it is competent for the plaintiff to prove his age, weight and height, and also the age, weight and height of the defendant's conductor.

3. *Same; same.*—In an action against a street railroad company to recover damages for an assault and battery, alleged to have been committed upon the plaintiff while a passenger on defendant's car by the conductor on said car, where the defendant introduced evidence tending to show that the plaintiff, just prior to the conductor taking hold of him, said of the conductor, "that the d—n fool did not have sense enough to run a car," it is competent for the plaintiff to ask a witness introduced in rebuttal, whether the plaintiff made such statement in reference to the defendant's conductor.

4. *Same; same.*—In such a case, after the plaintiff has asked a witness introduced in rebuttal as to whether or not he heard the plaintiff make such a statement in reference to the conductor, and he answered that he did not, it is competent for the plaintiff to ask the witness the further question, as to whether or not he was close enough to plaintiff to have heard it, if such statement was made.

5. *Action against street railroad company for assault and battery by conductor on passenger; abusive language; does not justify an assault.*—Abusive language or opprobrious epithets alone do not justify the commission of an assault upon a passenger by a conductor of a train; and charges so instructing the jury assert a correct proposition of law and are properly given at the request of the plaintiff.

6. *Same; charge as to drunkenness.*—In an action against a street railroad company to recover damages for an assault and battery upon a passenger by a conductor, where there was evidence tending to show that the person who boarded the car with the plaintiff, and as to whom the dispute arose which resulted in the assault, was drunk, but there was other evidence from which the jury might infer that he was not drunk, charges requested by the defendant which assume and instruct the jury as a fact that such person was drunk, are erroneous and properly refused.

7. *Same; charge as to assault.*—In an action against a street railroad company to recover damages for an assault and battery upon the plaintiff by the defendant's conductor, charges which instruct the jury that the assault complained of was proper, if used in an honest and proper effort to eject plaintiff from the car, are erroneous; the burden being upon the defendant to justify the assault, and the conductor having no right to strike the plaintiff in ejecting him from the car, unless it was necessary to defend himself from the assault as made upon him.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHAS. A. SENN.

This was an action brought by the appellee, Atticus H. Mullen, a minor by his next friend, against the appellant, the Birmingham Railway, Light & Power Company, to recover damages for an assault and battery, alleged to have been committed upon the plaintiff by an employe of the defendant, who was a conductor on one of the defendant's street railway cars. Issue was joined on the plea of the general issue.

The plaintiff introduced evidence tending to show that on the night of November 2, 1901, he, together with Bryan Crumpton and one or two other boys, boarded one of the defendant's street cars to go from Birmingham to East Lake, the place of plaintiff's residence; that he paid his fare and took a seat in the car; that Crumpton was standing near the rear platform of the car; that Crumpton had been drinking and was using abusive language; that some one rang the bell of the car for it to stop; that the conductor came back to where Crumpton was standing and accused him of having rung the bell. Upon Crumpton saying that he did not ring the bell, the conductor called him a d—n liar; that after a short dispute the conductor started back towards the front end of the car, and when Crumpton continued to curse, he came back and told him that he must stop cursing or he would put him off the car; that Mullen, the plaintiff, who was sitting near Crumpton, remarked that if he tried to put crumpton off, he would have to put two off, to which remark the conductor replied that

that would be easy to do; that the conductor then started towards the front of the car again, whereupon the plaintiff, Mullen, turned to Crumpton and asked him to hush, saying that "if he did. not hush up the conductor might not have any better sense than to try and put him off;" that thereupon the conductor turned and after saying to Mullen, "Haven't I got any better sense than that," he threw his arms around Mullen's neck and struck him two or three times in the face; and that at the time this assault was made Mullen was still sitting down and had made no demonstration towards the conductor.

The plaintiff introduced evidence tending to show that his face was still injured by the blows inflicted by the conductor.

The defendant introduced testimony tending to show that the plaintiff was using loud and boisterous language, and had, prior to the conductor's taking hold of him, cursed the conductor; that the conductor stated to him and Crumpton that if they did not hush cursing and stop that boisterous conduct, he would have to put them off; that as the conductor. turned from the plaintiff, the plaintiff said: "The d——n fool hasn't got sense enough to run a car no how;" that thereupon the conductor said he had sense enough to put the plaintiff off, and upon giving the signal to have the car stopped, he caught hold of Mullen by his coat to put him off; that thereupon several persons jumped on his back; that the conductor asked another employee of the defendant to take the boys off his back, and the disturbance then quieted down; that Mullen, the plaintiff, spoke up and said his hat had blown out of the window and asked to be let off to get his hat, and that when the car stopped at the next station Mullen did get off and get his hat.

During the examination of several of the witnesses, the plaintiff asked them what was the age, height and weight of the plaintiff at the time of the difficulty with the defendant's conductor, and also asked several witnesses as to what was the age, height and weight of Jones, the conductor, who was alleged to have assaulted the plaintiff. To each of the questions in reference to

these several matters, the defendant separately objected, and separately excepted to the court's overruling its objection. The defendant also separately moved to exclude each of the answers going to show the age, height and weight of the paintiff and Conductor Jones, and separately excepted to the court overruling each of such motions. These rulings constitute the bases of the assignments of error numbered from 3 to 10, inclusive.

G. I. McDonald, who had been examined as a witness for the plaintiff, was introduced as a witness, and in rebuttal was asked the following questions by the plaintiff's counsel: "Did Mullen say that Jones was such a d—n fool he could not run a train?" The defendant objected to this question as not being in rebuttal. The court overruled the objection and the defendant duly excepted. The witness answered: "No, sir; he did not." The ruling of the court in overruling the defendant's objection to this question constitutes the basis of the 11th assignment of error.

The plaintiff introduced one J. Smith as a witness in rebuttal, who testified that if the plaintiff had said that the conductor, Jones, was "such a d—n fool he didn't know how to run or could not run a train, he, the witness, did not hear it"; and thereupon the witness was asked the following question: "Could you have heard it, were you close enough to have heard it?" The defendant objected to this question, the court overruled the objection, and the defendant duly excepted. The witness answered that he was close enough to have heard it. The other facts relating to the other rulings of the court upon the evidence, as reviewed on the present appeal, are sufficiently shown in the opinion.

The court at the request of the plaintiff gave to the jury the following written charges: (10.) "I charge you, gentlemen of the jury, that abusive language or opprobrious epithets alone never justify the commission of an assault by a conductor in charge of a train upon a passenger." (11.) "I charge you, gentlemen of the jury, that if you believe from the evidence that the defendant's conductor struck the plaintiff, then your ver-

dict must be in favor of the plaintiff, unless you further find from the evidence that the said conductor struck the plaintiff in self defense or to save himself from bodily harm."

The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the following charges requested by it: (1.) "If you believe from the evidence that the plaintiff is entitled to damages, but believe that nominal damages would be all the plaintiff should have, because of mitigating circumstances, you are authorized to award him only nominal damages." (2.) "The undisputed evidence shows that Crumpton was drunk and using profane language, and I now charge you if you believe from the evidence that when the conductor threatened to put Crumpton off the car for using such language, the plaintiff then, by his language or conduct, encouraged Crumpton to continue using such profane language, you can consider such encouragement in mitigation of any damages you may consider the plaintiff entitled to." (3.) "If you believe from the evidence that the plaintiff encouraged a drunken passenger to continue using profane language, for the use of which the conductor threatened to eject such passenger, I charge you, you have the right to consider this in connection with all the other evidence in the case in mitigation of any fault you may find the conductor committed, if you believe from the evidence the conductor committed any fault." (4.) "If you believe from the evidence that the plaintiff encouraged, aided and abetted a drunken passenger to continue using profane language, for the use of which the conductor threatened to eject such drunken passenger, and if you further believe from the evidence the conductor then attempted to eject the plaintiff, because of such aid and encouragement; and that whatever force the conductor used was used in an honest and proper effort to put the plaintiff off the car, you must find for the defendant." (5.) "If you believe from the evidence that Crumpton was drunk, that he was using profane language, that the conductor threatened to put Crumpton off the car

for using such language, that when the conductor threatened to put Crumpton off the car, the plaintiff said to the conductor, 'if you put Crumpton off, you will have to put me off,' you have the right to consider this in mitigation of any fault you may determine the conductor may have committed, if you find he was in fault." (6.) "If you believe from the evidence that Crumpton was cursing while a passenger on the car, that the conductor told Crumpton he would put him off the car, if he did not stop cursing, that Crumpton continued to curse, and the conductor then threatened to put Crumpton off the car for cursing, that when the conductor threatened to put Crumpton off the car for cursing, the plaintiff said to the conductor, in substance, 'if you put Crumpton off, you will have to put me off,' that the conductor then said to the plaintiff in substance, 'that would be an easy thing to do,' that the plaintiff then said, in substance in the presence and hearing of the conductor, 'the d—n fool has not sense enough to run a car any how,' that the conductor then took steps to stop the car, and put his hand on plaintiff to eject him from the car, and that the conductor used no more force than would be necessary in a proper and reasonable effort to eject the plaintiff from the car, after the car had been brought to a stop, you must find for the de fendant" (7.) "If you believe from the evidence that Crumpton was cursing on the car, that the conductor told Crumpton to quit cursing, that Crumpton continued to curse, that the conductor threatened to put Crumpton off the car if he did not quit cursing, that when the conductor made this threat the plaintiff said, in substance, to the conductor, 'if you put Crumpton off you will have to put me off,' that the conductor then said to the plaintiff, in substance, 'that would be an easy thing to do,' that the plaintiff then said in substance, in the presence and hearing of the conductor, 'that conductor may not have any more sense than to try to put us off,' that the conductor then rang the bell to stop the train, and while the train was slowing up to stop the conductor took hold of the plaintiff to put him off the car, and

[Birmingham Railway, Light & Power Co. v. Mullen.]

used no more force than was necessary in a reasonable and proper effort to eject the plaintiff, you must find for the defendant." (8.) "If you believe from the evidence that Crumpton was cursing on the car, that the conductor told Crumpton to quit cursing, that Crumpton continued to curse, that the conductor told Crumpton he would put him off the car if he did not quit cursing, that the plaintiff then said to the conductor, 'if you put Crumpton off, you will have to put me off,' that the plaintiff, by the use of such language intended to encourage Crumpton not to quit cursing, that the plaintiff also said in the presence and hearing of the conductor 'he may not have any more sense than to put us off,' that the plaintiff by the use of such language intended to encourage Crumpton to continue cursing, you can, in connection with all the other evidence in this case, look to such encouragement in mitigation of any fault you may find the conductor committed." (9.) "Any encouragement you may find the plaintiff gave to Crumpton to misbehave or curse upon the car, if you find from the evidence the plaintiff did so encourage, can be looked to by you in extenuation and mitigation of any fault you may find the conductor committed."

The jury returned a verdicct in favor of the plaintiff, assessing his damages at $900. Thereupon the defendant moved the court to set aside the verdict and grant it a new trial, upon the grounds that the verdict of the jury was contrary to the weight of the evidence; that the damages assessed by the jury were excessive; that the court erred in refusing to give each of the charges requested by the defendant, and in giving the charges requested by the paintiff. The court overruled this motion, and the defendant duly excepted.

There was judgment in favor of the plaintiff, assessing his damages at $900. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

WALKER, TILLMAN, CAMPBELL & WALKER, for appellant, cited *Bir. R. & E. Co. v. Baird,* 130 Ala. 334; *Cole-*

*man v. Railroad Co.,* 106 Mass. 160; *Rapalje & Mack's Digest of Railway Law,* 473.

A. O. LANE and FRANK S. WHITE, *contra.*—The court did not err in its rulings upon the evidence.—*Thomason v. Gray,* 82 Ala. 294; *McVay v. State,* 100 Ala. 110; *A. G. S. R. R. Co. v. Linn,* 103 Ala. 139.

The charges requested by the defendant were erroneous and properly refused.—*Bir. So. R. R. Co. v. Cuzzart,* 133 Ala. 269; *Bir. R. & E. Co. v. Baird,* 130 Ala. 334.

HARALSON, J.—The witness, McDonald, for the plaintiff had testified, that he witnessed the alleged assault on the plaintiff by the conductor; that it grew out of the conduct of one Crumpton, who appeared to be drunk, and who was traveling as a passenger in company with the plaintiff and others. The conductor had threatened to eject Crumpton from the car, on account of the profane language he was using, when the plaintiff said to the conductor: "If you try to put him off, you will have to both of us off." The conductor had also charged Crumpton with having pulled the bell cord, which Crumpton denied, and the witness stated, over objection by defendant, that the conductor replied, that "he was a d—n liar, he did do it." The plaintiff's counsel asked the witness, "how many times, if at all, did the conductor curse in talking to Crumpton?" to which question defendant objected as calling for immaterial evidence  The evidence was part of the *res gestae* of the alleged assault, and what was said and done by each of the parties to the transaction was legitimate to be stated.

2.  Assignments of error from 3 to 10, inclusive, related to the same matter—whether it was competent for plaintiff to prove the age, height and weight of plaintiff which was allowed to be done. Apart from any effort to put the plaintiff off the train and in connection with the evidence tending to show that the conductor assaulted him, the jury might well consider the

age and relative sizes of the parties.—*Thomason v. Gray,* 82 Ala. 292; *Wilkins v. State,* 98 Ala 2.

3. The objection to the question, the basis of the assignment of error 11, was that the question was not in rebuttal, to anything brought out by defendant. It was within the discretion of the court to allow it. Besides, it was in rebuttal. The defendant had asked the witness Cheek, on cross, if he had not heard the plaintiff say the conductor did not have sense enough to run the car—the same matter about which the witness, Mc-Donald, was interrogated in rebuttal by plaintiff.

4. Smith, for plaintiff in rebuttal, testified, that he was present at the difficulty. The attempt was made by defendant to show that plaintiff said the conductor was such a d—n fool he did not know how to run a train. He was asked by the plaintiff, if plaintiff made the remark, that he, the witness, could have heard it, or was close enough to have heard it. The defendant made a general objection to the question. It was competent for the witness to answer it.—*McVay v. State,* 100 Ala. 111; *A. G. S. R. R. Co. v. Linn,* 103 Ala. 135.

· 5. There was no error in the charge of the court for plaintiff numbered 10,—that abusive language or opprobious epithets alone never justify the commission of an assault by a conductor of a train upon a passenger. This was declared to be the law in *B. R. & E. Co. v. Baird,* 130 Ala. 350. Nor was there any thing of which the defendant could complain in giving the one for plaintiff, numbered 11.

6. Charge 1 refused for defendant seems to assume that there were mitigating circumstances in the assault alleged to have been committed by the conductor, and for this was properly refused.

.7. Charges 2 and 3 requested by defendant were properly refused. They seem to assume and instruct the jury as a fact, that Crumpton was drunk. The evidence is very persuasive that he was drunk, but there was evidence, of tendencies such, as made it proper for that to have been left to the jury. Smith, who was present, testified to the fact that Crumpton was under the influence of liquor. He said: "he had been drinking—he

wasn't drunk. * * * I cannot tell he was drunk, but I can tell he was under the influence of liquor." J. F. Chitwood, who was also present and saw the crowd plaintiff was with, testified: "I cannot say whether any of them were drunk. They were looking pretty lively, after I got on the car, but after the racket was over, they did not talk like they were drunk." If the tendencies of the evidence to show that Crumpton was not drunk, were weak, as compared with other evidence that he was, the fact, whether he was drunk or not, as we have said, was for the jury to determine. These charges were properly refused, for this reason, as well as for other faults not noticed.

8. Charge 4 is subject to the same vice. Moreover, it directs that the assault, which plaintiff's evidence tends to show was committed, was proper, if used in an honest and proper effort to eject plaintiff from the car. The burden was on the defendant to justify the assault, and to show that it was necessary; and if the conductor honestly but mistakenly supposed he was justified, this would not exempt the defendant from liability. As we have said, he had no right to strike the plaintiff in ejecting him from the car, unless it was necessary to defend himself from an assault first made upon him, and it was for the jury to determine, from all the facts, if the assault was proper in an effort to eject plaintiff. The charge falls short of these wholesome principles.— *B. R. & E. Co. v. Baird, supra.*

9. Charge 5 was properly refused. It was argumentative, and instructed as a justification for the assault, (which the conductor was prohibited from making, except to defend himself from an assault first made by plaintiff on him), the words alleged to have been used by plaintiff, viz.: "If you put Crumpton off you will have to put me off." These words, if used by plaintiff, did not justify an assault by the conductor on him, neither for making it, nor to mitigate damages therefor.

For the same reason, and from what has been said above, charges 6, 7, 8 and 9 were properly refused.

We have examined the evidence in the case, and are unable to conclude that the court erred in refusing the motion for a new trial, on any of the grounds for which it was asked.

Affirmed.