(74 South. 841)

## MINOR v. COLEMAN. (7 Div. 140.)

(Court of Appeals of Alabama. Feb. 6, 1917. Rehearing Denied April 3, 1917.)

1. ANIMALS ⬅44—ACTION FOR KILLING ANIMALS—PLEADING—"WILLFULLY AND IN-TENTIONALLY."

In an action for damages for killing a dog, an allegation that defendant willfully and intentionally shot and killed the dog was not demurrable for failure to aver that the killing was wrongful, since the phrase "willfully and intentionally" imports that the act was wrongful.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 115–122.

For other definitions, see Words and Phrases, First and Second Series, Willful—Willfully; Intentionally.]

2. MASTER AND SERVANT ⬅329—TORT OF SERVANT—PLEADING.

In an action for damages for killing a dog, an allegation that the person killing the dog was acting under defendant's instructions was not demurrable, as not alleging that the servant was acting within the scope of his authority.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1268, 1269.]

3. PLEADING ⬅208—DEMURRER—SPECIFICA-TION OF GROUNDS.

In an action for damages for killing a dog, an answer alleging that the dog was engaged in an assault upon defendant's guineas, that he had prior thereto killed and chased the guineas, and was, when killed, upon defendant's premises, destroying his property, and that it was necessary to kill the dog to protect the property, was good as against a demurrer failing to point out the specific errors in the plea, as required by Code 1907, § 5340.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 513–519.]

4. APPEAL AND ERROR ⬅231(2)—RESERVING GROUNDS BELOW—PLEADING.

Where defects in pleadings are not made ground of demurrer, they will not be considered on review.

5. ANIMALS ⬅85—ACTIONS—EVIDENCE.

In an action for damages for killing a dog, destroying defendant's property, evidence showing that the property had been depredated on by dogs before was competent, as illustrating the character of the act of the dog when it was killed.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 297–308.]

6. ANIMALS ⬅85—ACTIONS—EVIDENCE.

In an action for damages for killing a dog, evidence that, after the killing, defendant's property was no longer molested, was improper.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 297–308.]

7. ANIMALS ⬅85—ACTIONS—INSTRUCTIONS.

In an action for damages for killing a dog, worrying defendant's guineas, an instruction to find for plaintiff unless the jury believed that at the time the dog was killed the guineas were in further imminent danger from the dog was properly refused, as being misleading.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 297–308.]

8. TRIAL ⬅194(14) — INSTRUCTIONS — PROV-INCE OF JURY.

In an action for damages for killing a dog, an instruction that the jury might consider the previous conduct of the dog, in determining whether it was necessary to shoot in order to save defendant's property, was erroneous, as invading the province of the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 464.]

9. TRIAL ⬅191(5) — INSTRUCTIONS— ASSUM-ING FACTS.

In an action for damages for killing a dog, engaged in worrying defendant's guineas, an instruction that the jury might consider the previous conduct of the dog killed, in determining whether it was necessary to shoot in order to save defendant's property, was erroneous, in assuming that the dog was in pursuit of the guineas.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 428.]

10. TRIAL ⬅244(3) — INSTRUCTIONS—UNDUE PROMINENCE TO FACTS.

In an action for damages for killing a dog engaged in molesting defendant's property, an instruction that the jury might consider the previous conduct of the dog in determining whether it was necessary to shoot in order to save defendant's property was erroneous, as giving undue prominence to the fact of previous depredations.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 579.]

Appeal from Circuit Court, Greene County; Bernard Harwood, Judge.

Action by Phillip B. Minor against Thomas W. Coleman. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The first count of the complaint is that: Plaintiff claims of defendant * * * damages for that, heretofore, to wit, * * * defendant did willfully and intentionally shoot and kill one pointer dog, the property of plaintiff, of the value of, to wit, $150.

The second count, as originally filed, charges that defendant did, by and through one Jim Ward, who was the agent of defendant, and acting under his instructions, willfully and intentionally shoot and kill one dog, the property of plaintiff. This was afterwards amended by averring that the said Jim Ward, when he shot and killed plaintiff's said dog as aforesaid, was acting within the scope of his authority. It was also amended by adding the word "wrongfully" next before the word "willfully," wherever the same occurs in each count of the complaint.

Defendant's third plea is as follows: That, at the time the dog mentioned in the complaint was killed, he was engaged in an assault upon and destroying defendant's property; that, immediately before said dog was shot, it had killed one of defendant's guineas, and, when shot, was pursuing another. Defendant avers that said dog had, on divers occasions prior thereto, depredated on defendant's premises, killing and chasing defendant's guineas, and was, when killed, upon defendant's premises, destroying defendant's property; that it was

necessary to kill said dog to protect defendant's property.

The following charge was refused to plaintiff:

C. You must return a verdict for plaintiff in this case, unless you believe from the evidence that at the time the dog was killed the guineas were in further imminent danger from the dog.

The following charge was given for defendant:

8. You have a right to look at the previous conduct of the dog killed, in determining whether it was necessary to shoot in order to save defendant's property.

McKinley, McQueen & Aldridge, of Tuscaloosa, for appellant. R. B. Evins, of Greensboro, for appellee.

BROWN, J. The rules of law applicable to this case were announced in the following cases: Kershaw v. McKown, 12 Ala. App. 485, 68 South. 559; Means v. Morgan, 2 Ala. App. 547, 56 South. 759; Crow v. McKown, 192 Ala. 480, 68 South. 341, L. R. A. 1915E, 372. In Kershaw v. McKown, supra, it was held that a complaint alleging the "wrongful" shooting and killing of plaintiff's dog, of the "value of $100," stated a good cause of action.

[1] If, therefore, the appellant's contention that the averments of the complaint that the defendant "willfully and intentionally" killed the dog in question imports that the act of the defendant was wrongful, the ruling of the court on the demurrers only resulted in the plaintiff amending both counts of his complaint by adding the word "wrongful" before "willful and intentional," and was without injury.

The second count of the complaint as originally filed avers that:

"The defendant did, by and through one Jim Ward, who was the agent of the defendant *and acting under his instruction*, willfully and intentionally shoot and kill one dog, the property of the plaintiff, of the value of, to wit, $150."

The word "willful," in the connection here used, imports more than that the act was intentional. It has been held by our court that "'willfully' is a strong word, much stronger than the word 'intentionally.' * * * It means governed by the will, obstinate, perverse." Johnson v. State, 61 Ala. 9. And again, that an act, to be willful, must be "without lawful excuse." Harrison v. State, 37 Ala. 154. "Willful means governed by the will, without yielding to reason." Hawes v. State, 88 Ala. 37, 7 South. 302. And by others that it carries the meaning that the act was "with bad or evil purpose, without ground for believing the act to be lawful." Roby v. Newsom, 121 Ga. 679, 49 S. E. 694, 68 L. R. A. 601; State v. Fairbanks, 115 La. 457, 39 South. 443; Commonwealth v. Kneeland, 20 Pick. (Mass.) 220. See also Words and Phrases. 40 Cyc. 938:

"The words 'willful' and 'willfully' are of somewhat varied significance, according to the context in which they are used in particular cases, and the nature of the subject under discussion or treatment. They are frequently used in the sense of 'intentionally,' or in other words implying purpose or design, or proceeding from a conscious motive of the will, as distinguished from accidental or involuntary, and they are accordingly used in the sense or as equivalent to willingly, designedly, purposely, obstinately, stubbornly, inflexibly, perversely, voluntarily, deliberately with set purpose, being governed by the will, without regard to reason, or without yielding to reason."

"Willfully" and "intentionally," as used in the complaint in this case, import that the act of killing the dog was not only intentional, but wrongful.

[2] While, as we have said, the ruling on the demurrer presenting this phase of the question was error without injury, a decision is here made necessary by the court's sustaining to the second count the demurrer taking the point "that it is not alleged in said count that Jim Ward was acting within the scope of his authority when he shot the dog," in the face of the averment that Ward "*was acting under his* [defendant's] *instructions.*" If the specific act was directed or commanded to be done by the defendant, as this averment imports, he was liable. Williams v. Hendricks, 115 Ala. 277, 22 South. 439, 41 L. R. A. 650, 67 Am. St. Rep. 32; Smith v. Causey, 22 Ala. 568.

[3] The defendant's third plea was not subject to the objections pointed out in the demurrers to the plea, and the ruling of the court thereon was free from error. Code 1907, § 5340.

[4] The point, argued in brief, that the value of the property being destroyed by the dog was so greatly disproportionate to the value of the dog that the defendant was not justified in killing the dog was not made a ground of demurrer, and that question is not presented.

The evidence is without dispute that the dog was killed by Ward on the defendant's premises and according to the defendant's instructions, and tends to show that this dog, with two others, at the time it was killed, was in the act of chasing the defendant's guineas. When first seen by Ward, the guineas were flying away from the dogs, and this dog was running in the same, or practically the same, direction that the guineas were flying. After the dog was shot, Ward found a dead guinea near where he first discovered the dogs.

[5] Under the issues formed by the pleadings, the evidence offered by the defendant tending to show that defendant's guineas in this same inclosure had been depredated on by dogs was competent, as this evidence tended to illustrate and give character to the act of the dog on the occasion it was killed, and to illustrate the danger in which the fowls were placed by the conduct of the dog.

[6] The defendant, over the objection of the plaintiff, was allowed to show that, after the plaintiff's dog was killed, the defendant suffered no further depredations on his property by dogs. The only theory that could

justify the admission of this evidence is that it afforded an inference that the plaintiff's dog was the one guilty of the depredations. We are of opinion that this evidence affords no such legitimate inference; that at best it affords room for mere conjecture that plaintiff's dog was the guilty agent. A fortiori, after the killing of this dog, the owner of the guilty dog or dogs, to save them from like doom, confined them. The court erred in admitting the testimony.

The issues were properly submitted to the jury, and the affirmative charge was refused without error.

[7] Charge C possessed misleading tendencies, and was properly refused.

[8-10] There is no positive evidence that the dog in question had been guilty of previous depredations on the defendant's guineas, nor was there any positive evidence that it killed the guinea found by Ward soon after the dog was shot. These were questions for the jury, under the evidence in the case. "Previous conduct," as used in charge 8 given at the defendant's instance, can refer to nothing except the previous depredations by the dogs on the defendant's guineas, and in assuming that the plaintiff's dog was the guilty agent the charge invaded the province of the jury. The charge also assumes that the dog, when killed, was in pursuit of the guineas, and for these reasons it was error to give the charge. Birmingham Ry. Co. v. Mullen, 138 Ala. 614, 35 South. 701. The charge is also subject to the vice of giving undue prominence to the fact of previous depredations. Huskey v. State, 129 Ala. 98, 29 South. 838; 5 Mayf. Dig. 128, § 16.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.