142 So. 586

UNITED WHOLESALE GROCERY CO. v. MINGE FLORAL CO., Inc.

1 Div. 21.

Court of Appeals of Alabama.
May 10, 1932.

Rehearing Denied May 24, 1932.

154

Lyons, Chamberlain & Courtney, of Mobile, for appellant.

Gordon, Edington & Leigh, of Mobile, for appellee.

SAMFORD, J.

This is a suit brought by Minge Floral Company, Inc., a corporation, against United Wholesale Grocery Company, a corporation, claiming damages to an automobile of appellee arising out of a collision with an automobile of appellant. The accident occurred on Ann street south of the intersection of Texas street. The automobile of appellant was being driven by F. W. Killion, who was a city salesman for appellant and who had completed his day's work at the time of the accident and who was on his way home and went out of the direct route to stop by his wife's aunt's house in order to get his wife and bring her home. He was allowed to use the automobile in question after working hours, it being furnished to him by appellant. He was allowed to use the car for whatever purpose he saw fit and for his own personal pleasure and convenience. In other words, the custody and control of defendant's automobile was at all times in Killion as the agent for defendant. During business hours the automobile was to be used in the business of defendant, after which it was kept and used by Killion, with the consent of defendant.

The only proposition raised by appellant is that under all the evidence it was entitled to the general charge because of the failure of plaintiff to show that Killion was acting within the line and scope of his employment at the time of the accident.

It has many times been held in this state that, when plaintiff in a damage suit for the negligent operation of a car proves that the car causing the damage was owned by defendant, the law raises an administrative presumption that the party operating the car was the owner's agent and acting within the scope of his authority. Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897; Dowdell v. Beasley, 17 Ala. App. 100, 82 So. 40.

It is also the law that, if the evidence rebutting the presumption is without conflict, "and leads to no doubtful inference, to the effect that the driver was not defendant's agent, or that if he was, he was not acting within the scope of his authority, or in the course of his employment, the affirmative charge" should be given for defendant, if so requested. Authorities, supra.

The evidence in this case tends to prove that at the time of the collision Killion was in possession and control of defendant's automobile, not as its agent acting for defendant in the discharge of a duty owing by him to defendant, but as defendant's bailee and after the day's work at defendant's place of business was over.

We are of the opinion that the evidence discloses, without adverse inference, that, at the time this accident occurred, Killion was the bailee of defendant using the car of defendant outside the scope of his employment as defendant's agent and not in the business of defendant. In such case the defendant is not liable for Killion's negligence. Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897; Vol. 3, Ala. & So. Digest, 373, 192(6).

The defendant was entitled to the general charge as requested, and for the error in refusing this charge the judgment is reversed, and the cause is remanded.

Reversed and remanded.