3 So.2d 66

**KOONCE et al. v. CRAFT.**

8 Div. 126.

Supreme Court of Alabama.

June 16, 1941.

A. A. Williams, of Florence, for appellants.

F. S. Parnell, of Florence, for appellee.

FOSTER, Justice.

This case has been here twice before. See, 234 Ala. 278, 174 So. 478; 237 Ala. 552, 187 So. 730.

The suit is for damages to plaintiff's car resulting from a collision of it with a car of defendant driven by Mrs. Vera Martin Stein, an employee of defendant.

The question on both appeals related to the issue of whether Mrs. Stein (then Miss Vera Martin) was acting in the line and scope of her authority. Both defendants testified that she had no authority to use one of their cars except on a mission specially committed to her; that she was sometimes sent out to make collection or to the postoffice for them. But that on this occasion she was not so authorized, and neither of them was present when she went off with the car, and that they knew nothing of it until after the accident; that her only general duties were those of bookkeeper and stenographer in the office.

She testified in substance to the same facts as to her status, and further that on this afternoon while neither of the defendants was in the office and during her business hours she drove a car of defendants off to her home to dress for a party to which she wished to go after leaving the office, and while on this trip the accident occurred.

A predicate was asked her, whether or not, later on that day, she did not have a conversation in the presence of Earl Beasley and Arthur Edwards, at a certain place, in which she said that she was out collecting, and she said, no, she did not. On the former appeal we held that this was a proper predicate for impeaching purposes, and that plaintiff had the right on such denial to show that she did make that statement for that purpose. We further observed that if such statement was made in the presence of the defendants, it would be material and legal for other purposes than merely for impeachment.

On another trial, from which the present appeal was prosecuted, said predicate being the same by using the evidence of Mrs. Stein given on the former trial, she being absent on this trial, the court permitted that evidence to be given by the witness Beasley who did not remember who were present or whether one of the defendants was present. The other witness Edwards testified to the same statement as being made by Mrs. Stein, and that defendant Perritt was present, he knew, and he thought that defendant Koonce was also. That neither of them reprimanded her. Perritt and Koonce both denied being present at any such conversation. On the trial which was considered on the former appeal, the court had given the affirmative charge for defendant, and we reversed for excluding the evidence to which we have here referred.

On the first appeal there was evidence of one of those witnesses who did not remember whether one of the defendants was present, but testified to what Mrs. Stein said about being out collecting. This court held that such evidence made a jury question, and that the affirmative charge was improper, but reversed because the verdict was contrary to the great weight of the evidence, and held that the motion for a new trial should have been granted.

On this appeal, as we have noted, there is evidence of an additional witness to that statement said to have been made by Mrs. Stein, and that it was positively made in the presence of one of the defendants, and he thought the other was present, who made no remonstrance about it. This is more than a scintilla, and more than was considered on the first appeal. There have been two verdicts by different juries for plaintiff, and the trial judge has declined to set them aside. We are not disposed to do so on this appeal, and do not think there was reversible error in denying the motion for a new trial and in refusing to give the affirmative charge for defendants.

The principle of the refused charge set out in the second assignment of error is covered by the oral charge of the court very clearly and accurately.

Finding no reversible error, the judgment is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.