38 So.2d 606

### NEHI BOTTLING CO. OF BOAZ v. TEMPLETON.

### 8 Div. 718.

Court of Appeals of Alabama.
Feb. 1, 1949.

Marion F. Lusk, of Guntersville, for appellant.

L. B. Rainey, of Gadsden, for appellee.

CARR, Judge.

The complaint in this case was originally filed by Mr. Whitt Templeton. After his death the cause was revived in the name of his wife as administratrix.

In the court below there was a verdict and judgment in favor of the plaintiff.

It is insisted that the defendant was due the general affirmative charge. If there is any merit in this position, it must relate to the question of the agency of the driver of appellant's truck.

Without dispute in the evidence appellant's truck and Mr. Templeton's automobile collided and damage resulted to the

latter's car. By the proof of this fact the law raised an administrative presumption that the driver was the owner's agent and at the time was acting within the scope of his agency. Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897; United Wholesale Grocery Co. v. Minge Floral Co., 25 Ala.App. 153, 142 So. 586.

In this state of the procedure another well recognized doctrine must be given application. It is: This is a rebuttable presumption and "if the evidence in rebuttal of that presumption is without dispute, and leads to no doubtful inference, to the effect that the driver was not defendant's agent, or that, if he was, he was not acting within the scope of his authority or in the course of his employment, the affirmative charge is due defendant." Cruse-Crawford Mfg. Co. v. Rucker, supra. See also Perfection Mattress & Spring Co. v. Windham, 236 Ala. 239, 182 So. 6.

It is evident, therefore, that a decision of the matter of instant concern must be made on the basis of the sufficiency vel non of the evidence to overcome or rebut this apparent presumption of agency. We will give attention to the evidence relating to this inquiry.

Appellant had among its employees at its plant at Boaz, Alabama, E. H. Stone and Roy Lee Walker. These men used a truck for their convenience in putting up advertising signs for the appellant. On Saturday about 9:30 A.M., Mr. McDonald, appellant's general manager, was going to Birmingham. As he journeyed he met the two employees, who were engaged in putting up signs. It was raining, and Mr. McDonald told the two men to go back to the plant, put the truck in the garage, get their pay envelopes which he had left on his desk, lock up the building, and knock off work for the day. It appears that the operations at the plant ceased at noon on each Saturday.

The men went forthwith as directed, got their money, and locked the office. It continued to rain, and at Mr. Walker's request Mr. Stone carried the former home in the truck. The distance was several city blocks. The evidence discloses that in addition to the duties indicated, Mr. Walker was also plant superintendent. At his home, Mr. Walker gave Mr. Stone the keys to the garage door and directed him to go back to the company plant, lock the truck up, and return the key to him later.

Stone did not follow these instructions, but instead found a friend by the name of Stewart, and the two men used the truck to make a trip to the country to get some whiskey. After succeeding in this undertaking, they went to Albertville where they had lunch.

During the afternoon they returned to Boaz. It appears up to this point Stone had been driving. About 5 o'clock P.M. Stewart suggested that he would like to go to the Shell Service Station where he had left his saddle horse. This location was not in the direction of the appellant's plant from the place where the two men were at the time. Stewart took over the driving operations, and as they journeyed toward the service station the collision occurred.

We have attempted to give a fair and full delineation of the tendencies of the evidence pertinent to the instant inquiry. As indicated, it appears without dispute.

We entertain the view that the presumption of agency was sufficiently rebutted and the appellant was due the general affirmative charge.

We are urged by appellee to glean out of these facts reasonable inferences that warrant a contrary holding. It is suggested that the truck in question contained Nehi advertising signs and posting equipment at the time of the collision, and from aught appearing Stone may have intended to take up his employment duties where they were interrupted by the manager in the forenoon.

The evidence does not sustain such an inference. It was late Saturday afternoon, and Stone was not required nor expected to reassume his tasks until Monday morning. Mr. Walker was not along to assist. Stewart was not employed by the appellant.

Our conclusion with reference to Stone's relationship obviates the necessity of discussing whether or not the master's liability was excused by reason of the fact that Stewart was driving the truck. The doctrine of respondeat superior in this

aspect is treated with considerable care in the case of Emison v. Wylam Ice Cream Co., 215 Ala. 504, 111 So. 216.

Appellee directs our attention to the case of Dowdell v. Beasley, 205 Ala. 130, 87 So. 18. We take the facts as set out in the report of the case:

"The accident occurred in a collision between a motorcycle ridden by the plaintiff and an automobile owned by the defendant, but operated by one Arthur Baldwin, as chauffeur. The evidence tended to show that Baldwin was directed to go to a certain garage, get gasoline, and immediately return to the office. He went to the garage, and got the gasoline, but, instead of returning to the office, went out to West Montgomery, to see a man who he was told was looking for him, and while on his way out the accident occurred."

In response the court observed: "Unquestionably the chauffeur had turned aside from his duties and instructions, and gone upon a personal mission of his own in no way related to the business or service of his masters, or to the care and control of the car as its driver."

On the basis of these facts the conclusion was reached that the master was not liable for the damnifying act of the driver of the car.

We think that the case at bar is largely controlled by this authority. Without elaboration we cite also the following cases: McCormack Bros. Motor Car Co. v. Holland, 218 Ala. 200, 118 So. 387; Mobile Pure Milk Co. v. Coleman, 230 Ala. 432, 161 So. 829; Louis Pizitz Dry Goods Co. v. Driesbach, 30 Ala.App. 159, 4 So.2d 180; United Wholesale Grocery Co. v. Minge Floral Co., 25 Ala.App. 153, 142 So. 586; Birmingham Post Co. v. Montgomery, 27 Ala.App. 495, 176 So. 375.

Clearly we have here a case where the agent of appellant did not merely deviate from his authorized course of travel. On the contrary, his employment duties had ended for the day, and he was engaged in matters purely personal to himself and his traveling companion. The trips he had made in the truck during the greater part of the day, including the journey to the Shell Service Station, were in no manner connected with nor incident to his duties as an employee of the appellant. The law is wise to protect a nonparticipating master from such wayward and unauthorized acts of his agents.

The writer entertains the view that the judgment of the court below should be reversed and the cause remanded. The other members of the court concur in the order of reversal, but are of the opinion that a judgment should be here rendered in favor of the defendant below.

The order, therefore, is in conformity with the majority view.

Reversed and rendered.