45 So.2d 474

**BAXTER v. WILSON.**

7 Div. 45.

Court of Appeals of Alabama.

Feb. 7, 1950.

Rehearing Denied Feb. 28, 1950.

L. L. Crawford and W. Jay Tindle, Fort Payne, for appellant.

198

CARR, Judge.

This is an action for property damages brought by Norman Wilson against S. E. Baxter and Herman Gibson. There was a verdict and judgment in favor of the plaintiff and against the defendants. Only the defendant Baxter perfects this appeal.

Without dispute in the evidence Gibson, while driving Mr. Baxter's Ford automobile, ran into the parked car of Mr. Wilson. The latter vehicle was parked in front of its owner's home.

### Assignments of Error 3 and 4

These assignments of error relate to the action of the court in refusing the general affirmative charge to the defendant Baxter. This argument is based primarily on the position that the proof fails to sufficiently establish the essential relationship of principal and agent between the appellant and Gibson.

Proof that Gibson was driving the appellant's car raised an administrative presumption that the driver was the appellant's agent and was acting in the line and scope of this agency at the time of the collision. Chandler v. Owens et al., 235 Ala. 356, 179 So. 256; Craft v. Koonce et al., 237 Ala. 552, 187 So. 730; Rogers v. Hughes, 252 Ala. 72, 39 So.2d 578; United Wholesale Gro. Co. v. Minge Floral Co., 25 Ala.App. 153, 142 So. 586; Deaton Truck Line Inc. v. Tillman, 33 Ala.App. 143, 30 So.2d 584.

In this state of the record the propriety of giving or refusing the general affirmative charge in the principal's behalf is stated by Justice Foster for the Supreme Court: "This is a procedural expedient and takes the place of evidence respecting matter peculiarly known to defendants, but necessary to sustain plain-

Scott, Dawson & Stockton, Fort Payne, for appellee.

tiff's cause of action, and is distinguishable from an inference of fact properly deducible from what is proven. When plaintiff proves such ownership of the car by defendant, and thereby brings into being the presumption to which we have referred, he need not offer further proof that the operator of the car was the agent of defendant, and in the line and scope of his authority, until and unless defendant has offered proof that he was not acting for defendant in the line and scope of his authority. And if defendant makes that proof and it is not contradicted, either expressly or inferentially, defendant is entitled to the affirmative charge. But if there is any evidence which reflects upon the credibility of that evidence by defendant on that question, or from which an inference may be drawn to a different result, whether such evidence was produced by defendant or plaintiff, the question of whether the operator of the car was defendant's agent acting in the line and scope of his authority should be submitted to the jury." Craft v. Koonce et al., supra [237 Ala. 552, 187 So. 731]. See also, Grimes v. Fulmer, 235 Ala. 645, 180 So. 321; Perfection Mattress & Spring Co. v. Windham, 236 Ala. 239, 182 So. 6; Western Union Tel. Co. v. Gorman, 237 Ala. 146, 185 So. 743; Mobile Pure Milk Co. v. Coleman, 230 Ala. 432, 161 So. 829; Alabama Elec. Coop. v. Free, 34 Ala.App. 425, 40 So.2d 632.

The appellant was in the taxi business in Fort Payne, Alabama. He bought a new car about 3 P.M., and a few hours later he delivered the possession of his old one to Gibson.

According to the testimony of the appellant he instructed Gibson to take the car to the latter's home and wait until the next morning before starting operating it as a taxi.

The evidence discloses that Gibson did not take the automobile to his home, but instead remained around the bus station in Fort Payne in possession of the automobile. A police officer testified that while at this place Gibson "was offering to haul passengers for hire as a taxi."

The collision in question occurred about midnight of the day the car had been turned over to the driver as indicated. At this time Gibson was returning from the home of Mr. Johnnie Whittle. With reference to the circumstances of this trip, Mr. Whittle testified:

"Q. Where did you first see Hoot (Gibson), I mean before the wreck? A. I saw him down at the Standard Station.

"Q. Was he in the car then? A. Yes, sitting there in the car.

"Q. What did you do then? A. I passed by and stopped and got in the car with him and sat there about thirty minutes and I said that I believed I would go home and he said he was going and would run me by the house and he carried me home.

"Q. You said you believed you would go home and he said he was going home and would take you by home is that right? A. Yes.

"Q. Did you pay him any money to get him to take you home? A. I didn't pay him anything."

In addition to the evidence we have detailed, there was proof of admissions which it was claimed the appellant made after the collision. These tended also to establish the facts of the essential relationship of agency.

■ We have not attempted to delineate the tendencies of all of the evidence which in our view is pertinent to the instant inquiry. However, that which we have detailed will serve to illustrate our conclusion that the appellant was not due the general affirmative charge. McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

■ In reviewing this question we have been mindful of the rule which provides that: "In determining the propriety of a general affirmative charge when requested by the defendant, the evidence favorable to the plaintiff must be accepted as true." Alabama Power Co. v. Buck, 250 Ala. 618, 35 So.2d 355, 356.

We are required, also, to accord to the plaintiff all legitimate inferences from the evidence. Tidmore v. Mills, 33 Ala.App. 243, 32 So.2d 769.

## Assignment of Error 6

■ This assignment raises the question of the action of the court in refusing to .appellant this unnumbered written charge: "Gentlemen, if the defendant Gibson took the witness Whittle home and was not running a taxi for the defendant Baxter in making the trip and did not charge a taxi fare for the trip then in that event Baxter would not be liable for the negligence of Gibson and you would not be justified in returning a verdict against Baxter."

The instruction places too much stress and emphasis on a part of the evidence. It is not hypothesized on the evidence. It is, also, invasive of the province of the jury. The proof of agency was not directed solely to the circumstances incident to the journey which is recited in the charge. Watts v. State, 8 Ala.App. 264, 63 So. 18; Minor v. Coleman, 16 Ala.App. 5, 74 So. 841; Birmingham Electric Co. v. Perkins et al., 249 Ala. 426, 31 So.2d 640; Edwards v. State, 205 Ala. 160, 87 So. 179.

## Assignment of Error 26

■ Over the general objection and that it called for a conclusion of the witness, the police officer answered the following question in the affirmative: "State whether or not he was around the bus station down here and whether or not he was offering to haul passengers for hire as a taxi."

The question seeks information as to two specific matters. Assuming that the second part called for a conclusion of the witness, clearly the first portion did not. The applicable rule is: When more than one inquiry is sought in one question, an objection to the whole is properly overruled if at least one phase of the query calls for admissible testimony. Minto v. State, 8 Ala.App. 306, 62 So. 376

## Assignments of Error 19, 22, 23, 25, and 29

■ Assignment 19 is: "The court erred in admitting in evidence over the defendants' objection the testimony of plaintiff's witness, Mrs. Norman Wilson, as to where she customarily parked plaintiff's automobile."

It is clearly apparent that the matter which is attempted to be raised is not succinctly and specifically pointed out. The rule does not permit us to review an assignment of error in the form here appearing. William E. Harden, Inc. v. Harden, 29 Ala.App. 411, 197 So. 94; Jones v. Daniel, 34 Ala.App. 490, 41 So.2d 627.

The other asignments which we have set out in the heading just above are subject to the same criticism.

## Assignment of Error 28

■ This assignment is: "The court erred in overruling defendants' motion to exclude the testimony of plaintiff's witness, H. C. Christopher."

This witness testified somewhat at length. His evidence in the main related to the reasonable market value of the damaged automobile after the collision. He gave his estimate of this at $450.00. This was based on his examination of the car and his experience as a Ford automobile dealer for many years.

The indicated motion came at the close of his cross-examination. Without question the motion to exclude the whole of his evidence was properly overruled. Southern R. Co. v. Hardin, 1 Ala.App. 277, 55 So. 270; Jackson v. State, 31 Ala.App. 212, 14 So.2d 593.

## Assignments of Error 8, 9, 10, 11, 13, 14, 15, 16, and 17

■ These relate to the action of the court in overruling the motion for a new trial. Two positions are pressed. (1) No legal damage was proved. (2) The verdict was contrary to the great weight of the evidence.

The plaintiff testified that the reasonable market value of his automobile just before the collision was $1400.00. As we have

stated, Mr. Christopher placed the value afterwards at $450.00. It cannot be successfully contended that this evidence did not afford a sufficient basis for an ascertainment of damages.

We would be out of line with the authorities to hold that the court was in error in overruling the motion on the ground that the verdict was contrary to the great weight of the evidence. Koonce et al. v. Craft, 241 Ala. 407, 3 So.2d 66.

### Assignment of Error 18

After charging the jury that the measure of damage was the difference between the reasonable market value of the car immediately before and after the accident, the court stated: "And if he was out other expenses he would be entitled to recover for that." An exception was interposed to the part just quoted.

This is not an accurate or correct statement of the law as applied to issues in the case at bar. The only claim was for damages to the car. The proof did not support a finding in any other aspect.

As we have indicated, in consonance with the evidence the jury could have found the damage to the car to be $950.00. The verdict was for only $250.00.

In the light of this disclosure and in the absence of any evidence relating to "other expenses", we hold that Supreme Court Rule 45, Code 1940, Tit. 7 Appendix, should be applied.

### Assignment of Error 5

The following unnumbered written charge was refused to appellant: "I charge you that you may find a verdict in this case against the defendant, Gibson alone."

This instruction is not based on the evidence, as the rule requires. Edwards v. State, supra.

We have responded to all the assignments that are sufficiently pressed in brief of appellant's counsel.

The judgment of the court below is due to be affirmed. It is so ordered.

Affirmed.