72 So.2d 111

## THIRD NAT. BANK IN NASHVILLE

v.

## MERRILL.

### 4 Div. 241.

Court of Appeals of Alabama.

Nov. 17, 1953.

Rehearing Denied Dec. 8, 1953.

---

1. Ante, p. 57.

Prestwood & Prestwood, Andalusia, for appellant.

Baldwin & Baldwin, Andalusia, for appellee.

CARR, Presiding Judge.

This is a suit in detinue. The property involved is an automobile. In the court below the presiding judge gave the general affirmative charge for the defendant.

This is the only ruling of the court to which our review is invited.

■ The assignments of error relating to other matters are either not sufficiently argued in brief of appellant or do not succinctly point out error about which complaint is made. Wilson v. McClendon, 259 Ala. 382, 66 So.2d 924; Baxter v. Wilson, 35 Ala.App. 196, 45 So.2d 474.

On June 5, 1951, Essier Berman purchased the suit property from a dealer in Nashville, Tennessee. A conditional sales contract was given for the unpaid balance of the purchase price. This instrument was assigned to the Third National Bank in Nashville, Tennessee, the appellant.

Berman defaulted in the monthly payments to the bank.

Without the consent or knowledge of the assignee, Berman removed the automobile to Andalusia, Alabama.

On January 7, 1952, he sold the car to Jacob Merrill, the appellee.

Some time in April, 1952, the appellant learned about the removal of the car and the sale thereof. This detinue suit was filed on the 22nd day of April, 1952.

The conditional sales contract was not recorded in Tennessee. It was recorded in Covington County, Alabama, on June 6, 1952.

■ On the matter of notice of the outstanding lien, it is clear that our recording statutes cannot be given any effect or consideration. Our task is to determine whether the evidence in the case justifies the application of the doctrine: "Means of knowledge is equivalent of knowledge."

There is scarcely any conflict in the testimony.

Appellee was a salesman for the J. M. Merrill Motor Company, Andalusia, Alabama.

At the time of the sale of concern the automobile was equipped with a Tennessee license tag. The vendor furnished the appellee with this statement:
"To Whom It May Concern:

"I hereby relinquish all rights and title to a 1949 Ford convertible bearing the serial Number 98BA–308164 for the sum of $575.00. I further certify that there is no lien or mortgage on this automobile.
"Signed    E. Berman"

According to the evidence the above recited price was fair and adequate.

On the matter of proof which in any manner relates to imputed notice, we have only that the automobile carried a Tennessee license tag.

■ The burden was cast on the appellant to prove notice of the outstanding lien. Patton v. Darden, 227 Ala. 129, 148 So. 806; Bank of Luverne v. Birmingham Fertilizer Co., 143 Ala. 153, 39 So. 126; Barton v. Barton, 75 Ala. 400.

■ The rule of instant concern is stated in Houston v. Town of Waverly, 225 Ala. 98, 142 So. 80:

"To constitute imputed notice, in the absence of statute, it is not enough that a party be put on inquiry, but the facts brought to his knowledge must be sufficient to produce reasonable conviction that such inquiry, if followed up, would lead to knowledge of the fact."

See also, Boggs v. Price, 64 Ala. 514; Tompkins v. Henderson & Co., 83 Ala. 391, 3 So. 774; Figh v. Taber, 203 Ala. 253, 82 So. 495; Gamble v. Black Warrior Coal Co., 172 Ala. 669, 55 So. 190.

■ We do not think that the very scant evidence relating to notice afforded a reasonable inference adverse to the claim of appellee.

The judgment below is ordered affirmed.

Affirmed.