(114 So. 800)

**GAMMILL v. CULVERHOUSE.   (6 Div. 875.)**

Supreme Court of Alabama.   Dec. 15, 1927.

**1. Jury ⬳87—Plaintiff may have trial jurors qualified as to interest in insurance company, which would be liable for judgment.**

Plaintiff is entitled, on motion, to have jurors from whom trial jury is to be selected qualified as to relation to, or interest in, insurance company, which would be liable for judgment that might be rendered against defendant.

**2. Appeal and error ⬳1031(1)—Denial of motion to qualify jurors was presumptively prejudicial where reviewing court cannot say verdict equaled amount unbiased jury could reasonably allow.**

In personal injury case, denial of plaintiff's motion to have jurors qualified as to their relation to, or interest in, insurer, which would be liable for judgment rendered against defendant, was erroneous and presumptively prejudicial, where reviewing court cannot say that verdict rendered was for as much substantially as disinterested and unbiased jury could reasonably allow.

**3. New trial ⬳56—Affidavit, on motion for new trial, that jurors were unrelated and uninterested in insurance company, held not to cure error in denying motion to qualify jurors.**

Affidavit, on motion for new trial, of indemnity company's president that jurors were not in any way related to, or interested in, the company, did not cure error in denial of plaintiff's motion to have jurors qualified as to their relation to, or interest in, insurance company, liable for any judgment which might be rendered against defendant.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by C. E. Culverhouse, Jr., by his next friend, C. E. Culverhouse, Sr., against J. B. Gammill. From a judgment granting plaintiff's motion for a new trial, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

The action in this case was begun by summons and complaint containing two counts, claiming of the defendant the sum of $50,000 as damages for an injury to the plaintiff, a minor, who sued by his next friend, which damages were alleged to have been incurred as a proximate consequence of the negligence (according to the first count) and wanton conduct (according to the second count) of the defendant in and about the operation of an automobile upon a public street in the city of Birmingham, Ala.

Before the jury was selected to try the case, and in the absence of the jury, counsel for the plaintiff, the appellee in this appeal, made a motion that the jury be qualified with reference to their interest in, or connection with, the Globe Indemnity Company, which company had issued a contract or policy indemnifying the defendant against any loss that he might incur by this action. This motion was overruled by the court, to which ruling counsel for plaintiff reserved an exception. In overruling this motion, the trial judge stated that the plaintiff had a right to make the motion to qualify the jurors, and that, if the verdict should be for the defendant, he would probably set it aside, unless proof were made that none of the 24 men from whom the jury was selected, were related to, or employed by, or had stock in, this insurance company mentioned.

Both parties introduced evidence on the issues of negligence and damage; the trial judge instructed for the defendant on the wanton count; and the jury found for the plaintiff for $800, with judgment accordingly.

Plaintiff thereupon moved for a new trial on the grounds, among others, that the court had committed error in overruling plaintiff's motion to qualify the jurors as stated, and in charging out the wanton count. On the hearing of this motion, defendant offered the affidavit of the president of the said

---

Globe Indemnity Company to the effect that none of the said twelve jurors was related to, or employed by, or had any stock or interest in, that company; no other evidence being offered by either party.

The trial court granted the motion for new trial, stating that his action was not based upon any grounds other than the two above stated.

The appeal is from the judgment granting the motion.

London, Yancey & Brower and Frank Bainbridge, all of Birmingham, for appellant.

Error without injury will not justify the granting of a motion for a new trial. 20 R. C. L. 227; M. & O. R. Co. v. Brassell, 188 Ala. 349, 66 So. 447; Ewart Lbr. Co. v. American Cement P. Co., 9 Ala. App. 152, 62 So. 560.

D. G. Ewing and Leigh M. Clark, both of Birmingham, for appellee.

It is error for the trial court, upon proper motion being made, to refuse to qualify the jury with reference to their interest in or connection with the indemnitor of the defendant. Citizens' Co. v. Lee, 182 Ala. 561, 62 So. 199; Beatty v. Palmer, 196 Ala. 67, 71 So. 422; U. S. Co. v. Warner, 198 Ala. 595, 73 So. 936; Clinton M. Co. v. Bradford, 200 Ala. 308, 76 So. 74; Munson S. S. Line v. Drayton, 17 Ala. App. 619, 87 So. 218.

SOMERVILLE, J. [1] Since our decision in the case of Citizens', etc., Co. v. Lee, 182 Ala. 561 (30), 581, 62 So. 199, the rule has been firmly settled in this state that the plaintiff is entitled, upon his seasonable and proper motion, to have the jurors from whom the trial jury is to be selected qualified as to their relation to, or interest in, any insurance company which would be liable, in whole or in part, for any judgment that might be rendered against the defendant. Beatty v. Palmer, 196 Ala. 67, 71 So. 422; United States, etc., Co. v. Warner, 198 Ala. 595, 73 So. 936.

[2] The denial of plaintiff's motion in the instant case—whatever reservations were made as to future action contingently—was erroneous and presumptively prejudicial, unless it can be said, as a matter of law, that the verdict rendered for plaintiff was for as much, substantially, as any disinterested and unbiased jury could reasonably allow. This, on the evidence in the record, we would be unwilling to assert.

[3] The question of reversible error, vel non, turns, therefore, upon whether the affidavit of the indemnity company's president was sufficient to establish the disinterested status of the jurors; and whether such a method of proof, emanating from the party liable, with an interest to serve, and without the opportunity of cross-examination, is to

be accepted and regarded as a fair and satisfactory substitute for the approved method and practice of examining the jurors themselves in open court.

No doubt the trial judge concluded to the contrary, and we think his conclusion was correct. The denial of the right to qualify the jurors in advance of the trial by an examination of the jurors themselves in open court cannot be cured by the ex parte affidavit of an officer of the insurance company affirming that the several jurors were not in any way related to, or interested in, the company. To approve that practice as a substitute for the right to qualify would be a practical denial of the right, and in these matters it is safer, and more simple and satisfactory, to pursue the regular method.

We think the error of the court in denying the original motion was a sufficient ground for granting a new trial, and the judgment in that behalf will be affirmed.

Affirmed.

All the Justices concur.