(122 So. 351)

## COOPER v. AUMAN. (6 Div. 16.)

Supreme Court of Alabama. May 9, 1929.

Altman & Koenig, of Birmingham, for appellee.

J. P. Mudd, of Birmingham, for appellant.

338

SAYRE, J. Defendant's automobile, defendant at the wheel, ran against plaintiff, causing grievous injuries. As to that there is no dispute. The facts upon which depend plaintiff's charge of negligence and defendant's denial as well as his counter-charge of contributory negligence are in dispute and the evidence at all points in conflict. Plaintiff's case is that as she was crossing Twenty-Fifth street in the city of Birmingham from the east to the west side, between crossings and diagonally towards the southwest, before she had reached the middle line of the street, she was struck by defendant's automobile moving to the south. We quote from her testimony: "When I stepped off the side walk, I was kinder diagonally from the house (meaning the place of her residence), and I started across the street that way. As I left the sidewalk, I looked in both directions before I started across. I first looked to the north, to my right, and then to my left, and I was on the right-hand side of the street coming down the hill (the hill declines to the north), and then I started on across, and I hadn't gone any piece—I had not gotten to the center of the street before he hit me, because I had been watching all the time. In my judgment I hadn't gotten to the center of the street when he hit me. * * * After I looked to the left and then to the right I didn't look any more after I started on across the street. I didn't look but once, and that is when I was in the gutter (plaintiff had just alighted from the automobile of a friend). After that I looked straight ahead and proceeded on across the street. * * * At the time I looked down the street I had a clear vision; there was nothing in the street whatever, either way. * * * I didn't see Dr. Cooper's car until it got right on me."

Defendant testified that he was moving south, traveling to the right of the center of the street, his "left wheels were down about where the center of the street was and the bulk of his car was to the right." He was moving at a speed of 15 to 20 miles an hour. He noticed the car out of which plaintiff alighted, but did not see plaintiff until she was struck, or was within a few inches of it. A witness, called by defendant, testified that plaintiff ran out from behind the car from which she had alighted, and which had stopped 4½ to 5 feet from the curb, and then was hit.

The driver of the car from which plaintiff alighted, Mrs. Watts, who had taken plaintiff home, testified that she had driven away and turned the corner into the cross avenue, 90 or 100 feet, or 150 according to some of the evidence, from the place where she had stopped for plaintiff, before she heard the noise incident to the accident.

Evidence as to the speed of defendant's car varied from 15 to 45 miles an hour.

The street, along which many cars passed in a day, was 40 feet wide from curb to curb.

No warning was given.

The evidence disclosed the facts in far greater detail; but the foregoing statement will fairly serve to give point and meaning to the propositions of law advanced by the parties and considered by the court.

■ Defendant, who has occasion to appeal, insists in the first place that he was entitled to the general charge requested in varying shapes. It is not considered necessary to go further than the decisions of this court in order to find the law of this case. Speaking cautiously, to a different though closely related question, we said in Birmingham v. Mauzey, 214 Ala. 476, 108 So. 382, that a municipal ordinance should not be so strictly construed as to visit a species of outlawry upon a person found on foot off the sidewalk. A like conclusion was stated in Ivy v. Marx, 205 Ala. 61, 87 So. 813, 14 A. L. R. 1173, a case which appears to have been overlooked in Birmingham v. Mauzey, supra. In Ivey v. Marx it was held to be a well-recognized general rule that the driver of an automobile owes a duty to keep a lookout for pedestrians, not only at street crossings, but between street intersections. The decision in that case was well supported by authorities cited. Recurring to the evidence, the relevant substance of which has been stated, in connection with the rule of law settled by the decisions, it would seem to be entirely clear that the question whether defendant was culpably negligent in driving his automobile against plaintiff was one properly to be referred to the jury. Ivy v. Marx, supra; Salter v. Carlisle, 206 Ala. 163, 90 So. 283; Barbour v. Shebor, 177 Ala. 304, 58 So. 276.

■ So, likewise, the issue as to plaintiff's alleged contributory negligence was one for jury decision. Barbour v. Shebor, supra; Adler v. Martin, 179 Ala. 98, 59 So. 597; Ivy v. Marx, supra; Shafer v. Myers, 215 Ala. 678, 112 So. 230; Tillery v. Walker, 216 Ala. 676, 114 So. 137. From the authorities cited it is seen that such is the rule generally. As of special importance in the case at hand in this connection may be mentioned plaintiff's testimony—its credibility being a matter for jury decision, of course—that, crossing from east to west, she had not at the moment of her injury reached the center of the street, and hence, assuming that automobiles moving along the street would observe the law of the road and keep to the right, such being also the mandate of the municipal ordinance, due care would have suggested that she look rather more inquir-

ingly to the south than to the north, from which direction defendant was driving. This is not to deny that there may be circumstances in which a driver may or must go to the left though there is no evidence of such circumstances in this case, nor is it to deny that cases may arise in which it will be the duty of the court to instruct against a recovery, these last observations being made in deference to the argument of appellant's brief. The general charge was refused without error.

What has been said will suffice to justify also the trial court's refusal to give defendant's requested charge E. 8. The charge is further faulty by reason of its hypothesis that at the time—meaning, as we think we may assume, at the time of plaintiff's hurt—the street was traveled by many automobiles and other vehicles. The evidence did not warrant this hypothesis, and for this reason, as well as its tendency to impose upon plaintiff a burden of vigilance greater than that imposed by law, this charge was properly refused. So of charge C. 5, refused to defendant, and C. 4.

Drivers are under duty to take due care for the safety of pedestrians at all places where pedestrians may lawfully be. The tendency of charge C. 9, refused to defendant, was to minimize this duty, and was refused without error. The charge would make the driver's duty to depend, to be consequent upon and relevant to, the measure of care to be exercised by the pedestrian in the street, whereas, he, the driver, must exercise due care in every situation and with respect to all persons. We do not see that this charge would have contributed to the jury's understanding of the issues joined between the parties. On the contrary, it had a tendency to mislead, and was well refused. Shafer v. Myers, supra.

Error is assigned on the court's action in overruling defendant's motion for a new trial. Emphasis is laid upon the fact that counsel for plaintiff stated to the court that he would like to ask Mr. Estes, one of the 24 jurors constituting the panel summoned for the trial of this cause, whether he or his company was interested in the American Mutual Liability Insurance Company. Previously the court had qualified the panel as to interest in the company named by questions addressed to the panel as a whole, as we understand, and one of the jurors had been excused for the reason that "his company" carried insurance in the company named, the same being a mutual company.

The court's reply was that the panel had been qualified. It is doubtful, to state the case with favor to defendant, appellant, whether his motion to discharge the panel was made at the time of the incident stated or was delayed until after some of the evidence in the cause had been taken. Blount County Bank v. Harris, 200 Ala. 669, 77 So. 43; Seaboard Air Line v. Mobley, 194 Ala. 211, 69 So. 614. If there was the delay indicated, defendant will not be permitted to cure it by his motion for a new trial. Tobias v. Treist, 103 Ala. 664, 15 So. 914. But without respect to that infirmity of defendant's bill of exceptions, error will not be affirmed of the court's ruling against defendant's motion. Plaintiff was entitled to have the jury qualified on this point. Code, § 8662; Gammill v. Culverhouse, 217 Ala. 65, 114 So. 800. On the hypothesis of plaintiff's question the juror was disqualified. Pizitz Dry Goods Co. v. Cusimano, 206 Ala. 689, 91 So. 779. We cannot presume, on the showing made on this appeal, that counsel acted in bad faith. Beatty v. Palmer, 196 Ala. 67, 71 So. 422. Nor do we find in the record any evidence that the jury were influenced by improper motive.

So much of defendant's motion for a new trial as depends upon the argument of plaintiff's counsel to the jury affords no substantial ground for reversal. It would serve no useful purpose to state the argument in full. To state the substance of it, counsel said, in effect, that he was willing to represent anybody in court, rich or poor, and then that he would not have done as defendant did when the latter said he had stopped his car in 18 to 24 inches, whereas plaintiff's pocketbook was picked up 4 or 5 feet back of the automobile which struck her. Apropos of just what the first of these statements was made does not appear, nor does our lack of information as to that appear to be of any consequence. Enough to say that it does not appear that counsel protested a virtue he had not, however immaterial that may have been. As for the rest, the argument was nothing more than a reflection on the trustworthiness of defendant's testimony, which plaintiff was entitled to make, whether of much force or none at all—that was for the jury. So of plaintiff's comment on the great number of charges requested by defendant.

Nor can we say that the damages assessed were excessive.

The judgment is affirmed.

THOMAS, BOULDIN, and BROWN, JJ., concur.