(130 So. 805)

**J. B. McCRARY CO. v. PHILLIPS.**

6 Div. 578.

Supreme Court of Alabama.
Oct. 30, 1930.

Rehearing Denied Nov. 28, 1930.

118

B. F. Smith, of Birmingham, and Huey & Welch and W. G. Stone, all of Bessemer, for appellant.

**BROWN, J.**

The statute, Code 1923, § 8662, confers on the parties a qualified right "to examine jurors as to their qualifications, interest, or bias *that would affect the trial of the case*," and, "under the direction of the court, to examine said jurors *as to any matter that might tend to affect their verdict*." (Italics supplied.)

This does not mean that the matter inquired about must constitute a legal case for challenge, though such case is within the scope of the inquiry authorized. Mays v. State, 218 Ala. 656, 120 So. 163; Gammill v. Culverhouse, 217 Ala. 65, 114 So. 800; Cooper v. Auman, 219 Ala. 336, 122 So. 351. The clear purpose of the statute is to limit the inquiry to matters that might probably bias the jurors in considering and determining the case. The scope of the inquiry sought and invoked by appellant was "whether or not plaintiff worked with *or under*" the juror at the plant of the Tennessee Coal, Iron & Railroad Company.

It may be conceded that, if the inquiry had been limited to whether or not the plaintiff worked with the juror—that is, immediately in contact or association with the juror —or if it had been limited to the inquiry whether or not the juror was the immediate superior or foreman of the plaintiff, the inquiry would have been proper, and its denial error. But whether or not plaintiff "worked under" the juror, without being more definite, extended the scope of the inquiry to remote relation, which it cannot be said, with reason, would possibly have had any influence on the juror's deliberations. We are therefore not able to affirm error in respect to the rulings of the court in refusing the inquiry. Alabama Clay Products Co. v. Mathews, 220 Ala. 549, 126 So. 869.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellee.

■ Appellant's major contention is that, inasmuch as the Act approved February 28, 1901, entitled "An Act to make Jefferson county, Alabama, a sanitary district, to establish a sanitary commission therefor, make the commission a body corporate, prescribe its powers and duties and to regulate and provide for sanitation in said county." (Gen. Acts 1900–01, p. 1702), as construed and applied by this court in Jones et al. v. Jefferson County, 206 Ala. 13, 89 So. 174, and Hamilton v. Jefferson County, 209 Ala. 517, 96 So. 628, affords immunity from liability to the county as a governmental agency, of necessity extends such immunity to the defendant while acting for the county, as a contractor in excavating for the sanitary sewer authorized by the act, though in the prosecution of the work it committed a tort resulting in injury to the plaintiff.

This contention is without merit. In the first place, the statute does not purport to extend such immunity; and, in the second, if it did, it would be in conflict with the thirteenth section of the Bill of Rights, which guarantees that "every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay." Const. 1901, § 13.

■ The immunity from suit extended by the Constitution to the state does not protect an agent who commits a trespass to the hurt of another. Elmore et al. v. Fields, 153 Ala. 345, 45 So. 66, 127 Am. St. Rep. 31; 25 R. C. L. 407, § 43; Murdock Parlor Grate Co. v. Commonwealth, 152 Mass. 28, 24 N. E. 854, 8 L. R. A. 399.

The evidence goes to show that the plaintiff lived in "a house by the side of the road," with his wife and children; that he had lived there for eight years; that he leased from the Tennessee Company, and formerly leased by the year, but, at the time of the injury complained of, leased from month to month, and paid the rent in advance; that he had a fence which inclosed his premises, and that he kept a milk cow inside the inclosure; that the defendant, through its servants, while excavating a ditch along the right of way acquired by the county from the Tennessee Coal, Iron & Railroad Company, blasted rock and dirt from the excavation, throwing the rock upon plaintiff's house, which broke through the roof of the main house and the porch in such sort as to endanger the lives of the occupants, and render plaintiff's habitation with his family therein dangerous, uncomfortable, and inconvenient; that his fence was torn down, making it more inconvenient and troublesome to keep the milk cow.

■■ The plaintiff's home, though humble, and founded upon nothing more than a leasehold, was within the protection of the law, and, there being a direct invasion and trespass upon the plaintiff's premises, he was entitled to recover, at least nominal damages for this invasion of his rights, regardless of whether the invasion was the result of negligence or not, "and in assessing damages in such a case account may be taken of and compensation allowed for the fright, sense of personal danger, or other mental suffering shown by the evidence to be the proximate and natural consequence of the repeated trespasses committed under such circumstances." Birmingham Realty Co. v. Thomason, 8 Ala. App. 535, 63 So. 65, 67; Ex parte Birmingham Realty Co., 183 Ala. 444, 63 So. 67.

■ The grant of right of way by the Tennessee Company was inefficacious, in these circumstances, to protect the defendant from the tortious acts committed against the rights of the plaintiff, or even to put on the plaintiff the burden of showing negligence.

The affirmative charge and, special charges 32, 34, and 35 were refused without error.

Among other charges given at the insistence of appellant was the following: "41. You are not authorized to find for the plaintiff in this case on account of any trespass committed by defendant or its agents."

Taking this charge as a basis for its contention, appellant insists that the verdict of the jury was contrary to the law as given in this charge, and therefore the court erred in overruling the motion for new trial.

While this charge could have been refused without error, because of its misleading tendencies, in substance it is not unsound when applied to the pleadings and evidence in the case. Under the pleadings as framed, plaintiff was not entitled to recover for an isolated trespass. The gravamen of the charge is a series of trespasses wantonly committed without due precaution for the safety of the person and property of the plaintiff, and, while not strictly a nuisance, in the language of some of the cases the situation "assumed the proportions of a nuisance as regards the plaintiff's neighboring premises." Birmingham Realty Co. v. Thomason; Ex parte Birmingham Realty Co., supra. The motion for new trial was overruled without error.

The excerpt from the oral charge of the court made the basis of assignment of error 86 was clearly not a modification of the written charge, but explanatory thereof, and was free from error. Eiland v. State, 52 Ala. 322; Callaway & Truitt v. Gay, 143 Ala. 524, 39 So. 277.

We have considered all the assignments of error argued, and those not argued have been treated as waived.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.