145 So. 440

### McQUEEN v. JONES.

#### 2 Div. 997.

Supreme Court of Alabama.

Nov. 25, 1932.

Rehearing Denied Dec. 22, 1932.

---

[1] Ante, p. 1.

London, Yancey & Brower, of Birmingham, and Harry W. Gamble, of Selma, for appellant.

Affirmed.

6

S. F. Hobbs, of Selma, for appellee.

THOMAS, J.

The suit was for personal injuries sustained by plaintiff as a guest in defendant's car.

■ The complaint sufficiently stated the cause of action and established duty to the guest in the car (Perkins v. Galloway, 194 Ala. 269, 69 So. 875, L. R. A. 1916E, 1190; Thomas v. Carter, 218 Ala. 55, 117 So. 634; Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 575, 119 So. 610; Wurtzburger v. Oglesby, 222 Ala. 151, 131 So. 9), and charged negligence in general terms—the negligent driving of the car and as a proximate consequence the car collided with another car, causing the injury. This pleading was not within the rule of cases requiring that the act averred must show and amount to negligence. Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933; Bir-

mingham Ry., Light & Power Co. v. Littleton, 201 Ala. 141, 77 So. 565; Birmingham Electric Co. v. Baker, 219 Ala. 324, 122 So. 316; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469; Birmingham Rwy., L. & P. Co. v. Wilcox, 181 Ala. 512, 61 So. 908.

■ There was no error in sustaining objections to the questions to Holley, "I asked him if it was possible to see this little road when coming down the highway?" and "I will ask you whether or not there was sufficient space behind that Chevrolet for McQueen's car to pass?" The witness had stated the facts, locations, and elevations of the road and the cornfield and embankment adjacent thereto. The questions were leading. However, there was no error for that the witness stated the facts and was permitted to say: "There is a cornfield and an embankment to obstruct the view of the smaller road from the highway. You can't tell there is a road there until you get right on it; that is, you can't tell from the highway that there is a road there until you get right on it. The corn kept you from seeing it. * * * The road that just comes across that field is about ten feet wide; it starts from my father's cornfield. It had weeds on each side of it. The road that comes into the highway is below the road level; that is, the highway level. The way the Chevrolet was coming in was below the road level. There is a ditch on the side of the road about 2½ feet or 3 deep."

The shorthand rendition of facts sought by the two questions to Holley to which the plaintiff's objections were sustained (Alabama Great Southern Railroad Co. v. Linn, 103 Ala. 134, 15 So. 508; Jones v. Keith, 223 Ala. 36, 134 So. 630; Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610; Id., 222 Ala. 120, 130 So. 807), if error, was therefore cured by the answers of that witness detailing the facts of the locus in quo. And no reversible error was presented by these rulings.

The several objections and exceptions taken to the testimony of the witness McQueen present no reversible error, for that the witness was likewise permitted to detail the facts—as of the location of the road, obstructions, or the lack thereof, the distances of the cars and locations on the two roads before and at the time of the impact.

The driver of the car—Mr. McQueen—was cross-examined as to the place of the accident, and testified as follows:

"I did not see the road till I got up to it. Yes, sir, I was on the right hand side of the road. I was driving about 35 miles an hour. I did not see any sign to slow down or other mark on the highway. I didn't see any; I wasn't looking for them. Yes, sir, I saw the corn field over there. The corn was about this high, maybe taller (indicating). I was about forty feet away when the other car

came into the highway. Yes, sir, it came out suddenly and I put on the brakes. * * *

"I don't know how far across the road the Chevrolet got before I hit it; but he was right in front of me when I hit him. I was not entirely on the right hand side of the highway; I might have been one or two feet off. No, sir, there were no ruts in the road. There were no marks on the road to show one side from the other; it was a good gravel road. This car came out on me suddenly and I was not over forty feet away. I didn't hear him blow his horn or do anything to give me a warning. I hit just about the center of the car. No, sir, I did not know that side road was there till I got there. * * *

"I did not know that side road was there until I got nearly there, until I saw that car come out. I saw the car come out when I was forty feet away. Forty feet is about as far as from here to that railing (indicating); not quite as far from here to the wall (indicating). It is not quite the width of the court room. At that distance I knew there was something there because I saw the car coming out, and he got nearly across the highway; his rear wheels were just a little over the center; a foot or two to the right. Yes, sir, he was hit nearly over my side of the highway. Yes, sir, that left my side perfectly unobstructed. * * *

"I didn't see that open space over there at the time of the accident. It was there, but I was too busy to look for an open space. I was a little over the center line of the highway. No, sir, I never did change my course. Yes, sir, the right hand half of the road was unobstructed."

■ The defendant sought to ask witness (McQueen) on redirect examination, "You don't mean to tell the jury that the right hand side of the road was clear," and "That Chevrolet didn't leave enough space for you to go behind it did it?" Thus the defendant sought to have the witness explain what he meant by the use of the words "the right hand half of the road was unobstructed," and whether the space on the right hand was room enough to pass or not. These questions are justified in their refusal as leading.

The remarks of counsel to which exceptions were taken were properly excluded, the jury instructed not to observe or be influenced by the same, and the bill of exceptions concluded, as to this: "The Court, then after getting such assurance from each of the jurors, overruled the motion of defendant, and the defendant then and there duly and legally excepted."

There was no error in declining to take the case from the jury. The rule of our decisions as to improper arguments and motions are understood, and need not be repeated. Moulton v. State, 199 Ala. 411, 414, 74 So. 454; Birmingham Railway, Light & Power Co. v. Gonzalez, 183 Ala. 273, 287, 61 So. 80, Ann. Cas. 1916A, 543; Carter v. State, 219 Ala. 670, 123 So. 50; Metropolitan Life Ins. Co. v. Carter, 212 Ala. 212, 102 So. 130; Alabama Great Southern Ry. Co. v. Grauer, 212 Ala. 197, 102 So. 125; Feore v. Trammel, 212 Ala. 325, 102 So. 529; Burns v. State (Ala. Sup.) 145 So. 436;[1] Anderson v. State, 209 Ala. 36, 44, 95 So. 171; Tennessee River Nav. Co. v. Walls, 209 Ala. 320, 96 So. 266; Davis v. State, 209 Ala. 409, 96 So. 187; Birmingham Electric Co. v. Ryder (Ala. Sup.) 144 So. 18,[2] and authorities cited; Lutie Patton Pryor, as G'd'n v. Limestone County, 225 Ala. 540, 144 So. 18.

■ The suggestion of qualification of the jurors with regard to their relations to, or interest in, the Continental Casualty Company, does not present reversible error, though the motion was made in the presence of the jury. Gammill v. Culverhouse, 217 Ala. 65, 114 So. 800; Harris v. Snider, 223 Ala. 94, 134 So. 807; Burns v. State, supra.

■ In Birmingham Stove & Range Co. v. Vanderford, 217 Ala. 342, 116 So. 334, the observation is made that, if an actor is suddenly imperiled by the wrong, unwarned, and unexpected act of another, not due in part to his own negligence and voluntary act, he is not required to exercise all the presence of mind of a prudent and careful man not so circumstanced. We have examined the evidence and believe a jury question was presented. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135; Alabama Great Southern Railroad Co. v. Molette, 207 Ala. 624, 93 So. 644.

There is no merit in the motion for a new trial. The several questions presented have been considered, as we have indicated above, and we are of opinion that the judgment was not, as urged by the movant-appellant, "so excessive as to show that the same was based on passion and prejudice of the jury," or other such sentiment.

The judgment of the circuit court is, therefore, affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.

### On Rehearing.

THOMAS, J.

■ We have reexamined the record, and, if it be conceded that the retaliatory remarks in argument of plaintiff's counsel were improper, the trial court discharged its full duty in eradicating their effect upon the jury; and the remarks were of such character as that they were eradicable.

In reply to the application made for rehear-

---

[1] Post, p. 117.
[2] 225 Ala. 869.

ing, we will let the record speak as to the subject-matter before us:

"In the closing argument of counsel for the plaintiff the defendant objected to a statement of said counsel, and thereupon the following occurred: ..

"The Court: Mr. Gamble (Attorney for Defendant) state what you object to.

"Mr. Gamble: We object to the argument of plaintiff's attorney where he states 'that Harry Gamble down in his heart would like for this woman to get every dollar she is claiming.' We object to that statement on the grounds that it is highly prejudicial to the defendant, that it is calculated to bias the minds of the jurors, and that said statement has greatly prejudiced the defendant in this case to the extent that he is unable to obtain a fair consideration of the case by the jurors, and defendant hereby moves the court to take the case from the jury and grant the defendant a continuance of the cause on the grounds just recited.

"The Court: Gentlemen of the jury, you are not to consider the statement of the attorney for the plaintiff to the effect that Harry Gamble down in his heart would like for plaintiff to get every dollar she is claiming. He is presumed to think just the opposite.

"Judge Hobbs: (Counsel for plaintiff) I didn't say Harry Gamble, if the Court please, I said Mr. McQueen (meaning the defendant in the case.)

"The argument objected to was as follows; and grew out of the circumstances as follows:

"Hon. Harry Gamble of counsel for defendant, in his argument to the jury, stated in substance that Mr. McQueen was sorry as a man could be that the accident happened; that Mrs. Jones was an invited guest in his car at the time of the accident, and that he would not have hurt her for anything in the world; that he would have rather hurt himself.

"In reply to this argument made by Mr. Gamble, Hon. S. F. Hobbs, counsel for plaintiff, in his closing argument to the jury said in substance: 'From the argument made by Hon. Harry Gamble, as to how extremely sorry Mr. McQueen is that Mrs. Jones was injured, I dare say that if he is as sorry as all that, he might like for Mrs. Jones to get every dollar she is asking for.

"Whereupon, defendant renewed his objection to the statement by counsel for the plaintiff that he meant Mr. McQueen, the defendant, and not Harry Gamble, one of defendant's attorneys, and as grounds for objection assigned the following: That the statement of plaintiff's counsel was highly prejudicial to the defendant, that it was calculated to bias the minds of the jurors, and that said

statement had greatly prejudiced the defendant in this case to the extent that he was unable to obtain a fair consideration of the case by the jurors, and moved the court to continue the case on said grounds.

"Thereupon, before ruling on defendant's objection and motion, the court charged the jury they were not to consider the above objected portion of Judge S. F. Hobbs' argument to the jury, and asked each juror, separately, if he could and would completely efface it from his mind in the consideration of this case, and each juror answered the question in the affirmative.

"The court, then after getting such assurance from each of the jurors, overruled the motion of defendant, and the defendant then and there duly and legally excepted.

"Thereupon, the court charged the jury orally, as follows," etc.

In the opinion we set out the material portions of McQueen's testimony. The remarks or appeal to sympathy are beyond the record, and made by defendant's counsel (Alabama Power Co. v. Goodwin, 210 Ala. 657, 659, 99 So. 158); they provoked, produced, invited, and justified the retaliatory argument or remarks of plaintiff's counsel of like nature and in reply thereto, which were within the well-recognized rule of what is termed in the books as "reply in kind" or "invited error" (Tea Java Coffee Co. v. Saxon China Co., 207 Ala. 33, 91 So. 885; Hanners v. State, 147 Ala. 27, 34, 41 So. 973; Clark-Pratt Cotton Mills Co. v. Bailey, 201 Ala. 333, 77 So. 995), applied to arguments of counsel. There is analogy in the like rule applied to the evidence in Hanners v. State, supra; Bank of Phœnix City v. Taylor, 196 Ala. 665, 72 So. 264; Gibson v. Gaines, 198 Ala. 583, 73 So. 929; Lester v. Jacobs, 212 Ala. 614, 103 So. 682.

Application overruled.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.