180 So. 321

**•GRIMES v. FULMER.**

**8 Div. 877.**

Supreme Court of Alabama.

Feb. 10, 1938.

Rehearing Denied April 21, 1938.

Fred S. Parnell, of Florence, for appellant.

Murphy & Pounders, of Florence, for appellee.

KNIGHT, Justice.

In reference to appellee's motion to dismiss the appeal, it is only necessary to say:

■ The judgment in this cause was rendered on May 12, 1937, and the appeal was taken by appellant on July 9, 1937. The bill of exceptions was approved by the Judge on September 9, 1937. The transcript was filed with the clerk of the Court of Appeals on January 11, 1938. The transcript was before the court, and the cause was ready for submission and actually submitted, at the first call of the Eighth Division after the appeal was taken. Motion overruled.

Suit by appellee, Fulmer, to recover for injuries, both to person and property, as the proximate result of the negligent operation of an automobile by an alleged agent, servant, or employee of the defendant, acting within the line and scope of his employment.

The accident occurred at a street intersection in the city of Florence, Ala., at approximately the hour of 10:30 p. m.

■ The cause was tried on counts 1, 2, 3, and 5. It was assumed by the court, and counsel for both parties, that counts 2 and 5 charge a willful or wanton wrong. Whether such is the case we are not called upon to determine. The demurrers filed to the complaint do not properly present the question, and, if they did, the appellant has abandoned the assignment of error, relating to the ruling of the court thereon, by her failure to argue and insist upon the same here. Howell v. Dodd, 229 Ala. 393, 157 So. 211; Wynn v. First National Bank of Dothan, 229 Ala. 639, 159 So. 58; Mobile Light & R. Co. v. Nicholas, 232 Ala. 213, 167 So. 298.

The trial of the cause resulted in a verdict and judgment for plaintiff, awarding him damages in the sum of $200, and from this judgment defendant appeals.

While many errors are assigned, but few are here argued and insisted upon within the requirements of our rule.

We will state briefly some of the salient facts in the case:

The plaintiff, with three of his children, was driving along one of the streets of the city of Florence in an automobile at about 10:30 p. m. on September 1, 1936, and at the intersection of Pine street (the street along which plaintiff was driving) and Tombigbee street the plaintiff's car came into collision with a car owned by the defendant, but which, at the time, was being driven by one Robert Garrett. As a result of this collision, plaintiff and his three children sustained personal injuries, and plaintiff's car was greatly damaged.

It appears, without dispute, that at the time of the accident the defendant was riding in her car, which, it is alleged, ran into plaintiff's car, and was sitting on the front seat next to the driver, and that there was another person on the same seat, sitting on the extreme right.

There was also evidence in the case tending to show that the defendant's car was negligently driven against the car

of the plaintiff, and that the injuries complained of were the proximate result of such negligence on the part of the driver of defendant's said car.

The defendant offered testimony tending to acquit the driver of her car of any negligence, in the operation of the same, and also tending to show that the driver was not, in fact, her agent, servant, or employee. Her testimony further tended to show that she had lent the car that afternoon to the said Robert Garrett for his personal use, and not to serve any purpose of the defendant; that, in riding in said car on the night of the accident, she was riding at the invitation of the said Robert Garrett.

There was testimony in the case tending to show that the said Robert Garrett was under the influence of whisky, in fact, drunk.

The appellant earnestly insists that she was due the general charge upon two theories, which, stated in our language, are: (1) That the evidence conclusively shows that there was no relation of master and servant between the defendant and the said Robert Garrett, and, therefore, no basis for the application of the principle of respondeat superior; (2) that the evidence shows that the plaintiff was guilty, as a matter of law, of contributory negligence.

It will be noted that the evidence not only shows, without dispute, that the car was the property of the defendant, but it also shows that at the time of the accident *the defendant was in the car, riding on the front seat next to the driver.*

The rule with reference to the ownership of the car raising an administrative presumption that it was being operated in the owner's business is accurately stated in the case of Mobile Pure Milk Co. v. Coleman, 230 Ala. 432, 161 So. 829, 830, where it is observed: "While the ownership of the car raises an administrative presumption that it is being operated in the owner's business, when the evidence, *clearly* and *without conflict,* shows it was not being so operated, *and the circumstances do not support a reasonable inference to the contrary,* this administrative presumption, one merely for convenience in placing the burden of proof, gives way, and the employer is entitled to an affirmative instruction with hypothesis. Tullis v. Blue, 216 Ala. 577, 114 So. 185." (Italics supplied.)

Can it be said that the evidence, showing, as it does, the presence of the owner in the car at the time of the accident, occupying a seat next to the driver, does not support a reasonable inference that the car was being operated in the owner's business, or for the owner's pleasure and benefit? We think it does support such an inference.

On this stated theory of the defendant, she was not entitled to the general affirmative instruction with hypothesis.

On the question of contributory negligence, it remains only to be said that the evidence was such as to require its submission to the jury. Hence defendant was not entitled to the general charge upon this theory of the case.

It is also insisted that the court committed error in allowing the plaintiff to ask the said Robert Garrett the following question: "I will ask you if you haven't in this court plead guilty and paid a $40.00 fine and cost for reckless driving growing out of the way you drove this car at that particular time and place of this accident?"

There was no error in this action of the court. This witness had testified that he drove the car, on the occasion covered by the question, in a proper way, and not recklessly. The evidence called for by this question tended to impeach the testimony of the witness on this point.

Finding no errors in the record, it follows that the judgment appealed from must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.