187 So. 730

**CRAFT v. KOONCE et al.**

**8 Div. 967.**

Supreme Court of Alabama.

March 16, 1939.

Rehearing Denied April 13, 1939.

Fred S. Parnell, of Florence, for appellant.

A. A. Williams, of Florence, for appellees.

FOSTER, Justice.

This case was here on former appeal. 234 Ala. 278, 174 So. 478.

Upon a second trial, the presiding judge gave the affirmative charge for the defendant. The first question, therefore, is whether that charge was without error on the evidence allowed by the court to come into the trial: if so, then whether there was error in rulings excluding evidence which, if admitted, would have been sufficient to take the issue to the jury.

Appellant sued appellees for damages caused to his car in a collision with one of appellees, being driven at the time by an employee Miss Martin. If she was doing so in the line and scope of her employment, the affirmative charge was not due to have been given for defendants. Without dispute the car was one owned by defendants who were engaged in the automobile business in Florence. Miss Martin had been in their employ about a year as bookkeeper and stenographer. She testified, without dispute, that between 3 and 4 o'clock in the afternoon she left the office, in the absence of both defendants and without their knowledge and consent, and got into one of their cars and had started to her home to change her clothes and dress for a party that afternoon, to which she intended going after her work hours, when she would not have time to do so and get to the party on time. On that trip home this collision occurred.

Both defendants testified, and it was not disputed, that they had instructed all employees not to use defendants' cars unless they were sent upon some mission by defendants. That Miss Martin had no authority to use their cars except when they sent her to do some act for them,

such as to make collections; that she had no authority to go out in a car and collect money or to go to the bank and make deposits except as instructed.

While Miss Martin was being cross-examined as a witness for the defendants, the court sustained an objection to a question to her in the form of a predicate, to inquire if she did not at a certain time and place and in the presence of certain named persons say that she was out collecting for defendants. Notwithstanding such ruling, the witness answered that she made no such statement. Whereupon plaintiff offered to show by one of those alleged to be present that she did make that statement. The court sustained objection to that proposal.

Plaintiff had prior to the laying of such predicate asked other witnesses with reference to the same conversation, and the court sustained objection to it. And to one of the witnesses the question was whether the conversation was in the presence of one of the defendants, naming him. This was also excluded. It was not a part of the res gestae of the accident.

■ 1. Was the affirmative charge improperly given for defendants? In this connection it is appropriate to refer to our principle that when the automobile, which is involved in an accident, is shown to belong to defendants at the time it was being operated, the law will raise an administrative presumption that the person who was then operating it was doing so as the agent of defendants, and in the line and scope of his authority. Alabama Power Co. v. McGehee, 228 Ala. 505, 154 So. 105; Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897, and cases cited.

■ This is a procedural expedient and takes the place of evidence respecting matter peculiarly known to defendants, but necessary to sustain plaintiff's cause of action, and is distinguishable from an inference of fact properly deducible from what is proven. When plaintiff proves such ownership of the car by defendant, and thereby brings into being the presumption to which we have referred, he need not offer further proof that the operator of the car was the agent of defendant, and in the line and scope of his authority, until and unless defendant has offered proof that he was not acting for defendant in the line and scope of his authority. And if defendant makes that proof and

it is not contradicted, either expressly or inferentially, defendant is entitled to the affirmative charge. But if there is any evidence which reflects upon the credibility of that evidence by defendant on that question, or from which an inference may be drawn .to a different result, whether such evidence was produced by defendant or plaintiff, the question of whether the operator of the car was defendant's agent acting in the line and scope of his authority should be submitted to the jury.

This is not a situation where one acts upon the apparent authority of an agent. The question is one of actual authority, either express or implied. The positive uncontradicted evidence is that she had no authority, express or implied, to use the car for personal convenience to facilitate preparations for a party with which defendant had nothing to do, and not connected with their business.

 There was nothing allowed to go into the evidence which prevented an application of the principle whereby defendants were due the affirmative charge.

 2. But did the court commit error in declining to admit evidence of a statement made by Miss Martin that she was out collecting for defendants when the accident occurred? She was not a party to the suit at the time of the trial, and it was only admissible as impeaching testimony tending to reflect upon her evidence as to the nature of her mission, unless it occurred in the presence of .one of defendants, imposing upon him the burden of making some explanation or denial. So that if it related to a material matter, it was admissible and would have the effect of making the issue one for the jury, and its refusal would be prejudicial error in that event. If she made the remark that she was out collecting for defendants, and which is contrary to her testimony as to her mission, since the purpose of her mission is material, it cannot be said that the effort at impeachment is on an immaterial matter.

The question would be also whether the fact that she was collecting for defendants or out for that purpose was with the express or implied consent of defendants in the discharge of her duties. She does not undertake to show that though she was out for that purpose she had no authority on that occasion to perform it. She is content to say that such was not her purpose. She also says that she never went out collecting, except as she was sent by defendants in the performance of her duties. So that an inference may be drawn that, if she was out collecting for defendants, contrary to what she testifies as to her mission, her act in so doing was with such due authority always given when that is her mission. See Western Union Tel. Co. v. Gorman, Ala.Sup., 185 So. 743. It was therefore admissible as impeaching evidence and the predicate was first duly laid. See Pittman v. Calhoun, 231 Ala. 460, 165 So. 391.

 3. And if the alleged conversation about the nature of her mission was in the presence of one of the defendants, we cannot say that it was illegal or irrelevant, since the circumstances may have called for a denial by him or some explanation in connection with her authority to go out collecting in one of their cars, if she had no such authority. His silence, if so, upon hearing such a statement, would be a circumstance tending to .show that if she was collecting for defendants, it may not have been without authority. If this evidence had been admitted, it would have made a jury question.

Reversed and/ remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.