194 So. 649

**SLAUGHTER v. MURPHY.**

5 Div. 314.

Supreme Court of Alabama.

Feb. 22, 1940.

Rehearing Denied March 21, 1940.

Duke & Duke and Thos. W. Starlin, all of Opelika, for appellant.

Jacob A. Walker, of Opelika, and A. L. Patterson, of Phenix City, for appellee.

THOMAS, Justice.

The suit was for personal injury and property damage. The complaint as amended charged simple, willful, wanton, intentional conduct and injury. Amended count three was for simple negligence and count four was for "willful, wanton or intentional conduct."

Defendant's plea was the general issue, set-off and recoupment, growing out of the same collision and injury as embraced in pleas two to five, inclusive.

Errors assigned challenge the action of the trial court in giving its oral charge to the jury to which exception was reserved.

█ Several applicable propositions of law have been previously settled by this court. A general affirmative charge is proper if the plaintiff is entitled to recover under either count of the complaint. National Life & Accident Ins. Co. v. Lokey, 166 Ala. 174, 52 So. 45; Swift et al. v. Doe ex dem. Williams, 162 Ala. 147, 50 So. 123; McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

█ When the verdict rendered is such that it was only for simple negligence, any error with respect to the willful and wanton count is harmless and will not require a reversal. Morrison v. Clark, 196 Ala. 670, 674, 72 So. 305.

262

■ Where the plaintiff makes a prima facie case, showing ownership of the truck by defendant and agency of its driver at the time and place of collision, one or both, with the other elements of liability, in absence of countervailing evidence, plaintiff is entitled to the duly requested affirmative charge. Reynolds v. Massey, 219 Ala. 265, 122 So. 29; Craft v. Koonce, 237 Ala. 552, 187 So. 730.

In Tullis v. Blue, 216 Ala. 577, 114 So. 185, 187, it is declared: "It is well settled that those presumptions do arise from proof of the defendant's ownership of the vehicle; but it is well settled also that they are prima facie presumptions merely, or, as they are sometimes called, administrative presumptions, based upon considerations of fairness and convenience in placing the burden of proof. They are not in themselves evidence, and in practice their effect is merely to impose upon the defendant the burden of showing that the driver was not his agent, or that, if he was, he was not acting within the scope of his authority or in the course of his employment. If the evidence thereon is in conflict, or leads to doubtful inference only, the issue should go to the jury. If, however, the evidence, without dispute, rebuts the facts thus presumed, there is no issue for the jury, and the general affirmative charge should be given for the defendant on request. * * *"

And in Craft v. Koonce et al., 237 Ala. 552, 187 So. 730, 731, the rule is thus stated: "* * * When plaintiff proves such ownership of the car by defendant, and thereby brings into being the presumption to which we have referred, he need not offer further proof that the operator of the car was the agent of defendant, and in the line and scope of his authority, until and unless defendant has offered proof that he was not acting for defendant in the line and scope of his authority. And if defendant makes that proof and it is not contradicted, either expressly or inferentially, defendant is entitled to the affirmative charge. But if there is any evidence which reflects upon the credibility of that evidence by defendant on that question, or from which an inference may be drawn to a different result, whether such evidence was produced by defendant or plaintiff, the question of whether the operator of the car was defendant's agent acting in the line and scope of his authority should be submitted to the jury."

■ It would follow from the foregoing authorities that if there was a reasonable inference to be drawn from the evidence to the effect that the driver of the truck was not at the time and place the agent of defendant (owner), and was not within the line and scope of his employment, a jury question is presented. Appellant insists that plaintiff's evidence showed as a part of the res gestae of the injury that the operator of the car stated immediately after the accident, "I am sorry this happened. I was in a hurry to get to Columbus to the ball game." This statement was uncontradicted by plaintiff's evidence and from it the jury may have drawn the reasonable inference that at the time of the accident, the driver of the truck was not acting within the line and scope of his employment, but had stepped aside therefrom and was on his way to Columbus with plaintiff's truck on a mission of his own. Such, in effect, is the decision in Dowdell v. Beasley, 205 Ala. 130, 87 So. 18; Rooks v. Swift & Co., 210 Ala. 364, 98 So. 16.

■ The evidence as to the existence or non-existence of "agency", at the time and place of the accident, tends to warrant various reasonable inferences or conclusions as to whether or not the driver was acting within the line or scope of his employment as driver or agent. Thus a jury question was presented. Koonce v. Craft, 234 Ala. 278, 174 So. 478; McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

There was error in giving the affirmative charge at the request of plaintiff, and the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.