27 So.2d 617

### COX v. ROBERTS.

#### 6 Div. 390.

Supreme Court of Alabama.
Oct. 17, 1946.

Rehearing Denied Nov. 7, 1946.

Chas. W. Greer, of Birmingham, for appellant.

374

Jackson, Rives & Pettus, of Birmingham, for appellee.

PER CURIAM.

■ The majority of the court concur in the opinion of Justice LAWSON, appearing below, except in the one particular instance as to the action of the court in giving Charge No. 36 at defendant's request. As to this charge, we entertain the view there is no conflict in this given charge and that given for the plaintiff as to the question of agency. That the charge given for defendant correctly stated the law is not questioned, and we entertain the view that if in fact there was any misleading tendency in view of the charge given for plaintiff, it was one (readily) to be remedied by explanatory charge.

We therefore conclude the case should be affirmed.

Affirmed.

GARDNER, C. J., and FOSTER, LIVINGSTON, and STAKELY, JJ., concur.

BROWN, LAWSON, and SIMPSON, JJ., dissent.

LAWSON, Justice (dissenting).

This is a suit for personal injuries brought by appellant against appellee, A. B. Roberts, and his daughter-in-law, Mrs. Lillian Roberts. Appellant alleged that he received injuries as a result of being hit by an automobile owned by appellee and driven by Mrs. Lillian Roberts while acting within the line and scope of her employment as an agent, servant or employee of the said A. B. Roberts.

The plaintiff amended his complaint by striking Mrs. Lillian Roberts as a party defendant. In so far as the pleadings are concerned, the case was submitted to the jury upon one count of the complaint charging simple negligence and defendant's plea of the general issue in short by consent, etc.

There were verdict and judgment for defendant. Plaintiff filed motion for new trial, which was overruled, and has appealed to this court from the final judgment, and from the judgment of the lower court upon the motion for a new trial.

■ In order for the plaintiff to recover against A. B. Roberts in this case it was necessary for him to show, besides the negligence of Mrs. Lillian Roberts in the operation of the car, that Mrs. Lillian Roberts was an agent of A. B. Roberts acting within the line and scope of her authority as such, at the time of the collision.

■ It was agreed between the parties to this suit that the license number (tag) on the automobile at the time of the collision was in the name of the defendant, A. B. Roberts. This admission raised the presumption that the car belonged to the said A. B. Roberts. Patterson v. Millican, 12 Ala.App. 324, 66 So. 914; Ford v. Hankins, 209 Ala. 202, 96 So. 349.

■ Under the recent decisions of this court, when the plaintiff in a damage suit for the negligent operation of an automobile proves that the car causing the damage was owned by the defendant, the law raises a presumption that the person who was operating the car at the time of the collision was operating it as the owner's agent, and was acting within the line and scope of his authority. Dowdell et al. v. Beasley; 205 Ala. 130, 87 So. 18; Ætna Explosives Co. v. Schaeffer, 209 Ala. 77, 95 So. 351; Massey v. Pentecost, 206 Ala. 411, 90 So. 866; Ford v. Hankins, supra; Freeman v. So. Life & Health Ins. Co., 210 Ala. 459, 98 So. 461; Tullis v. Blue, 216 Ala. 577, 114 So. 185; Toranto v. Hattaway, 219 Ala. 520, 122 So. 816; Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897; Jefferson County Burial Society v. Cotton, 222 Ala. 578, 133 So. 256; Mobile Pure Milk Co. v. Coleman, 230 Ala. 432, 161 So. 829; Grimes v. Fulmer, 235 Ala. 645, 180 So. 321; Craft v. Koonce, 237 Ala. 552, 187 So. 730; Chandler v. Owens et al., 235 Ala. 356, 179 So. 256; Slaughter v. Murphy, 239 Ala. 260, 194 So. 649.

As to the nature or character of this presumption, it is said in Tullis v. Blue, supra [216 Ala. 577, 114 So. 187]: "It is well settled that those presumptions do arise from proof of the defendant's ownership of the vehicle; but it is well settled also that they are prima facie presumptions merely, or, as they are sometimes called, administrative presumptions, based upon considerations of fairness and convenience in placing the burden of proof. They are not in themselves evidence, and in practice their effect is merely to impose upon the defendant the burden of showing that the driver was not his agent, or that, if he was, he was not acting within the scope of his authority or in the course of his employment."

In Cruse-Crawford Mfg. Co. v. Rucker, supra, it was held that this presumption "is not an inference of fact, and that it has no intrinsic value as an inference, but that it serves in the place of evidence only until evidence to the contrary is adduced when it becomes functus officio." And in Craft v. Koonce, supra, [237 Ala. 552, 187 So. 731], in dealing with the character of this presumption, it was said as follows: "This is a procedural expedient and takes the place of evidence respecting matter peculiarly known to defendants, but necessary to sustain plaintiff's cause of action, and is distinguishable from an inference of fact properly deducible from what is proven. When plaintiff proves such ownership of the car by defendant, and thereby brings into being the presumption to which we have referred, he need not offer further proof that the operator of the car was the agent of defendant, and in the line and scope of his authority, until and unless defendant has offered proof that he was not acting for defendant in the line and scope of his authority."

■ This presumption is, of course, rebuttable and if the evidence is strong, clear and undisputed to the effect that the operator of the car at the time of the collision was not acting as the agent of the owner or was not within the line and scope of his authority, the owner defendant would be entitled to the general affirmative charge with hypothesis when requested in writing. Dowdell v. Beasley, supra; Tullis v. Blue, supra; Toranto v. Hattaway, supra; Cruse-Crawford Mfg. Co. v. Rucker, supra; Mobile Pure Milk Co. v. Coleman, supra; Craft v. Koonce, supra.

■ But where the rebutting proof of the owner defendant is weighted by circumstances tending to bring it into suspicion and doubt or is of such a character as to support a reasonable inference that the car was being operated in the owner's business or for his pleasure or benefit, the general affirmative charge with hypothesis should not be given at the request of the defendant. Massey v. Pentecost, supra; Ford v. Hankins, supra; Grimes v. Fulmer, supra; Chandler v. Owens et al., supra.

As to the rights of a plaintiff who has proven ownership of the car in a defendant, who has offered no countervailing evidence, it was said in Slaughter v. Murphy, supra [239 Ala. 260, 194 So. 650], as follows: "Where the plaintiff makes a prima facie case, showing ownership of the truck by defendant and agency of its driver at the time and place of collision, one or both, with the other elements of liability, in absence of countervailing evidence, plaintiff is entitled to the duly requested affirmative charge. Reynolds v. Massey, 219 Ala. 265, 122 So. 29; Craft v. Koonce, 237 Ala. 552, 187 So. 730."

■ Under the above referred to decisions of this court, the evidence tending to show ownership of the car in defendant, it was incumbent upon him to bring forward proof to rebut the presumption of agency of Mrs. Lillian Roberts. This he did not do. There is absolutely no evidence which even remotely tends to rebut that presumption. The defendant, A. B. Roberts, did not testify, but the driver of the car, Mrs. Lillian Roberts, and another occupant, Miss Elsie Roberts, a daughter of A. B. Roberts, did testify in his behalf. But their evidence tends to support the presumption of agency rather than rebut it. Mrs. Lillian Roberts on direct examination stated that she was driving the car of A. B. Roberts. Miss Elsie Roberts, on cross-examination, testified that she was in the car at the time of the collision and that she and Mrs. Lillian Roberts were at that time enroute home from the "bus depot" where they had been for "Mr. Roberts." That is the extent of their testimony as it relates to ownership of the car or agency of the driver.

■ The plaintiff requested the general affirmative charge with hypothesis on the question of the agency of the driver of the car. It was given in the following language: "2. I charge you that if you believe the evidence Lillian Roberts was on the occasion complained of a servant, agent or employee of the defendant and was, on said occasion, acting within the line and scope of her employment as such servant, employee or agent of said defendant." This charge was properly given under the following decisions of this court: Kelly v. Hanwick, 228 Ala. 336, 153 So. 269; Slaughter v. Murphy, supra; Craft v. Koonce, supra

■ Although the court gave the above-quoted charge for plaintiff, it thereafter gave at the request of the defendant the following charge: "36. Before you can find a verdict in favor of the plaintiff and against the defendant in this cause you must be reasonably satisfied from the evidence in this case that the driver of said automobile, Lillian Roberts, in and about the operation or control of said automobile at the time and place complained of, negligently failed to exercise that degree of care which a reasonably prudent person would have exercised in the same situation and under the same circumstances, and that such negligence proximately caused the plaintiff's alleged injuries; *and you must be further reasonably satisfied by the evidence in the case before you can return a verdict against the defendant, A. B. Roberts, that at such time and place the said Lillian Roberts was acting as the servant or agent of the said A. B. Roberts and acting within the line and scope of her employment.*" (Emphasis supplied)

As to the agency of the driver of the car, the plaintiff had made out a prima facie case by showing the ownership of the car in defendant. While the burden of proof in this regard did not shift from plaintiff to defendant, the duty of going forward with the evidence did shift to defendant as the result of the prima facie proof and it was his duty to furnish evidence to rebut the presumption as to the agency of Mrs. Lillian Roberts. Lawson v. Mobile Electric Co., 204 Ala. 318, 85 So. 257. This he did not do. The oral charge of the court was not full as to the effect of the presumption and the failure of the defendant to rebut it. Charge No. 2, given at the request of the plaintiff, was no doubt requested for the purpose of clarifying this issue. It had the effect of removing from the jury's consideration any question as to the agency of the driver of the car other than to pass upon the credibility of the witnesses who had given evidence bearing thereon.

The italicized portion of Charge No. 36, given after plaintiff's Charge No. 2, had the effect of returning to the jury the question as to whether or not the plaintiff had proven agency of the driver of the car.

Charge No. 36 should have been refused. Appellee contends that even if it be held that the said charge was erroneously given, that it was not injurious to the appellant in view of the fact that there was no evidence going to show that Mrs. Lillian Roberts was not the agent of the defendant and that the evidence would not have supported a finding by the jury that she was not the agent of the defendant and that inasmuch as the issues as to injuries, negligence and contributory negligence were left to the jury, it was reasonable to assume that their verdict for the defendant was based on one of those issues rather than on a finding that Mrs. Lillian Roberts was not the agent of the defendant.

With this contention we cannot agree. The charges are in direct conflict and in view of the nature of this case where the plaintiff, in so far as the question of agency was concerned, was relying on a presumption which was not rebutted and had had given at his request the general affirmative charge with hypothesis as to that question, we are of the opinion that it was error for the trial court to return to the jury the question as to the sufficiency of the evidence going to prove agency. We cannot say in view of this state of the record that the verdict for the defendant was not based on the finding by the jury that the plaintiff had not proven that Mrs. Roberts was the agent of the defendant. The giving of Charge No. 36 as requested by the defendant is in our opinion reversible error. Mi-Lady Cleaners v. McDaniel, 235 Ala. 469, 179 So. 908, 116 A.L.R. 639.

The only other assignment of error insisted upon in brief is as follows: "The trial court erred in refusing to qualify the jury, at the request of the defendant, as to whether any member thereof owned a policy in the State Farm Insurance Companies."

Counsel for plaintiff, before the trial was entered upon and without the presence of the prospective jurors, made the following request or motion: "As the carrier has the name State Farm Mutual Automobile Insurance Company, and since it is, or professes to be a mutual company, so that its policy holders might be assessed if the result of the lawsuit is sufficiently large, I request that the jury be qualified as to whether or not they own policies in this company, on the ground that it might affect their interest in the case or might bias their opinion in the case."

The trial court stated that he would so qualify the jury. Defendant thereupon excepted.

Thereafter, just before the court began to qualify the jury, counsel for defendant requested to be heard without the presence of the jury on the matter of qualifying the jury as to being policyholders of the insurance carrier. At this time counsel for defendant presented to the court correspondence showing the name of the carrier to be "State Farm Insurance Companies." Opportunity was given counsel for plaintiff to present evidence showing the carrier to be a "mutual" company but no such evidence was offered, whereupon the trial court overruled plaintiff's request that the jury be qualified as to whether or not they were policyholders. To this action the plaintiff excepted.

The jury was qualified in the following manner: "Gentlemen, are any of you officers, or officials, or employees, or bond holders, or stockholders, or otherwise financially interested in the State Farm Insurance Company?" This action of the court is in keeping with the rule in this jurisdiction. Citizens L. H. & P. Co. v. Lee, 182 Ala. 561, 62 So. 199; Beatty v. Palmer, 196 Ala. 67, 71 So. 422; United States C. I. P. & F. Co. v. Warner, 198 Ala. 595, 73 So. 936; Louis Pizitz Dry Goods Co. v. Cusimano, 206 Ala. 689, 91 So. 779; Ex parte Woodward Iron Co., 212 Ala. 220, 102 So. 103; Gammill v. Culverhouse, 217 Ala. 65, 114 So. 800; Cooper v. Auman, 219 Ala. 336, 122 So. 351; International Harvester Co. et al. v. Williams, 222 Ala. 589, 133 So. 270; Harris v. Snider, 223 Ala. 94, 134 So. 807; Duke v. Gaines, 224 Ala. 519, 140 So. 600; Faulkner v. Gilchrist, 225 Ala. 391, 143 So. 803; McCaleb v. Reed, 225 Ala. 564, 144 So. 28; McQueen v. Jones, 226

Ala. 4, 145 So. 440; Jones v. Pritchett, 232 Ala. 611, 169 So. 224; Wilson v. State, 243 Ala. 1, 8 So.2d 422.

But plaintiff contends that in addition to the above he was entitled to have the jury qualified further, as to whether they were policyholders, not only for the purpose of challenging for cause any juror who might have been a policyholder but also for the purpose of enabling plaintiff to more intelligently strike the jury

We will first consider the contention as to challenge for cause. There was no evidence presented to the trial court tending to show that the insurance carrier was a mutual company. In so far as the evidence discloses the said insurance carrier was "an old line company or such that each policy stands for its liability in the required reserve." The quotation above set out is from the case of Wilson v. State, supra [243 Ala. 1, 8 So.2d 430], where it was held that the trial court did not err in refusing to sustain the challenge to a juror who had a policy in that type of company. Since plaintiff did not show that the insurance carrier was a mutual company or one whose policyholders could be directly affected by a judgment rendered against the company, the trial court was not required to question the jurors as to being policyholders for the purpose of determining their qualifications to serve.

Nor was it incumbent upon the trial court to so interrogate the jurors for the purpose of assisting plaintiff in striking the jury. Section 52, Title 30, Code of 1940, Section 8662, Code of 1923, confers on the parties the right to examine jurors touching their interests, etc. Duke v. Gaines, supra; J. B. McCrary Co. v. Phillips, 222 Ala. 117, 130 So. 805, 806; Cooper v. Auman, supra. The construction which this court has placed on Section 52, Title 30, Code of 1940, Section 8662, Code of 1923, is set out in the case of McCrary v. Phillips, supra, from which we quote:

"The statute, Code 1923, § 8662 [Code 1940, Tit. 30, § 52], confers on the parties a qualified right 'to examine jurors as to their qualifications, interest, or bias that would affect the trial of the case,' and 'under the direction of the court, to examine said jurors as to any matter that might tend to affect their verdict.'

"This does not mean that the matter inquired about must constitute a legal case for challenge, though such case is within the scope of the inquiry authorized. Mays v. State, 218 Ala. 656, 120 So. 163; Gammill v. Culverhouse, 217 Ala. 65, 114 So. 800; Cooper v. Auman, 219 Ala. 336, 122 So. 351. The clear purpose of the statute is to limit the inquiry to matters that might probably bias the jurors in considering and determining the case."

Plaintiff did not, in so far as the record discloses, attempt to examine the jurors to determine if they were policyholders. The fact that the trial court refused to qualify the jury in that connection cannot be taken as an indication that it would have refused to permit plaintiff to make such inquiries for the purpose of obtaining information to be used in striking the jury. Nor is it reasonable to assume that the trial court would have refused to permit such questioning on the ground that it would bias the jury, the court having already qualified the jury as to whether they had certain connections with the insurance carrier.

While Section 52, Title 30, Code of 1940, confers on the parties the right, under directions of the court, to further examine the jurors within proper bounds to ascertain "any matter that might tend to affect their verdict," it does not empower the party to require the court to put such questions to the jury. Gholston v. State, 221 Ala. 556, 130 So. 69; Ballard v. State, 236 Ala. 541, 184 So. 260; Leach v. State, 245 Ala. 539, 18 So.2d 289.

In view of the foregoing, we hold that the trial court did not commit reversible error in refusing to question the jurors as to whether or not they were policyholders in the said insurance carrier.

For the error in giving defendant's requested Charge No. 36, we are of the opinion the judgment should be reversed and the cause remanded.

BROWN and SIMPSON, JJ., concur.